## Samuel F. Fuller *versus* David Benjamin.

If a bill in equity be brought by one of several partners founded on partnership transactions, all the members of the copartnership must be made parties, or it cannot be maintained.

If some of the partners are insolvent, yet they must be made parties; and if bankrupts, their assignees should be made parties in their place.

BILL in equity. The case is stated in the opinion of the Court.

*Washburn,* for the defendant, among several causes of demurrer, said that a most substantial and meritorious one, was the want of proper parties. The bill states that there were four partners, doing business at Bangor, of which the plaintiff and defendant are alleged to be members. It is indispensable, that all of the partners should be made parties to the bill. 21 Pick. 526; Story's Eq. Pl. § 72 to 77, 81, 82, 83, 85,

86, 136, 137, 149, 160, 162, 218; 4 Pick. 78; Coll. on Part. 200.

The fact stated in the bill that the other partners are insolvent, does not aid the plaintiff. The whole account should be settled; and it may be there is a balance due them, or that they owed the partnership an amount greater than the sums due to both plaintiff and defendant, and that the latter is a larger creditor of the partnership than the former. It is not alleged, that the other partners have received their certificates as bankrupts. But if it were so, their assignees should have been made parties in their place. Story's Eq. Pl. § 167, 178; Coll. on P. 201, 202.

*J. B. Hill*, for the plaintiff, admitted, that the want of proper parties was fatal to the bill, if that was made out. But to determine who are the proper parties, reference must be had, not to the subject matter about which the suit is brought, but to the object of the suit. The subject matter is the copartnership of which Aldrich and Hall were members. The object of the suit is the balance which is equitably due from the defendant to the plaintiff. The plaintiff does not ask that the defendant should pay him the balance due from Aldrich and Hall, but to have a fair settlement between the solvent partners. Our case comes within the principle stated in Story's Eq. Pl. (2d Ed.) 77, note. " It is not all who are concerned in the subject matter concerning which the demand is made, who are the proper parties to be before the Court; it is all who are concerned in the very thing which is demanded." Here it is neither practicable or useful to make the insolvent parties partners. Unless we can maintain this bill, we are entirely without remedy, and the defendant may retain the money justly belonging to the plaintiff, merely because other and insolvent partners are beyond the reach of process.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff sets forth, in his bill, that he and the defendant, and two other persons, in June, 1833, entered into a copartnership in the business of lumbering;

and that the plaintiff believes there is a balance of one thousand dollars due to him from the concern; that the two partners, not summoned, are out of the State, and insolvent; and, as he supposes, are, or are about becoming, bankrupts; that the business having ceased, for about four years, and not being likely to be resumed, the defendant, who, he supposes, is indebted to the concern, ought to be held to account, and to pay over to him, the plaintiff, what is justly due to him from the defendant. To the bill the defendant demurs for sundry causes, the most prominent of which is, that the proper parties have not been declared against, and duly summoned to appear.

In cases of partnership it must be difficult, if not impracticable, to proceed in equity, without the presence of all the copartners, or their legal representatives. Each must be expected to have claims, either for services rendered or advances made, without the adjustment for which, it will be impossible to ascertain what may be due from or to the joint concern by each; or what just claim any one or more of them may have against any one or more of the others. Until such an ascertainment shall have been made it will be impossible to pass a decree, which shall be founded upon the principles of justice, as to their several rights.

It is not alleged that any books of account, of the partnership transactions, have been kept, and that they are in the hands of the defendant, from which he could be enabled to exhibit a developement of their concerns. The plaintiff would seem to have no account, even, of his own services and advances; for he makes no exhibit of any. If the defendant were required to answer, there does not seem to be any reason to expect, that he could aid the plaintiff in making out any such account. Indeed, from aught that appears, it may well be doubted if the defendant is in any better situation than the plaintiff, to make an exhibit of his own claim against the concern. Four years had elapsed, at the filing of the bill, since their business had entirely ceased. This was a lumbering concern, necessarily multifarious, and managed, as is not unfrequently the case, as we may well presume from what we

have known in such cases, without much of system or regard to critical exactness, in which every variety of perplexity and difficulty might be expected to occur. How then, can it be possible, that the Court, in the absence of information to be derived from the other partners, can ascertain what may be due and owing to or from either the plaintiff or defendant, or from them or either of them to or from either or both of the other partners ? It does not seem that written articles of co-partnership were, in this instance, entered into. No stipulations between them are set forth, except in relation to the shares of each of interest in the concern. Who were to be active and who passive, and what compensation for services was to be made, does not appear. Persons, entering so loosely and so unguardedly into such business, should not deem it matter of surprise, if they find themselves left at last in an unfortunate state of embarrassment.

The plaintiff in this case would seem to be without remedy, either at law or in equity. In Story on Eq. Pl. § 82, 83, 162 and 218, it is clearly shown, that a court of equity cannot take cognizance of a case in the predicament of the one here exhibited. Although the partners, not present, are insolvent, yet are they indispensable parties, whose right might be affected by a decree, and who must be presumed to be able to afford information, as to their own claims in connexion with those of the others. And if bankrupts, their assignees should be made parties. If one of them had deceased his executor or administrator would have become a necessary party ; but not more so than his assignee in case of bankruptcy.

The bill therefore must be adjudged bad upon demurrer, and be dismissed ; and the defendant be allowed his costs.