Bʟᴀᴋᴇʟʏ, Respondent, vs. Sᴍᴏᴏᴋ and others, Appellants.

*June 11 — June 24, 1897.*

*Partnership: Accounting: Estates of decedents: Claims: Limit 'ion: Misjoinder of causes of action.*

1. Until there has been an accounting and settlement of partnership affairs one partner can have no claim against the estate of a deceased partner, growing out of the state of the partnership accounts, which is enforceable against the heirs of the latter under sec. 3274, R. S., or which will be barred by sec. 3844 if not seasonably presented to the probate court.
2. A cause of action for the settlement of partnership accounts cannot be joined with one to recover from the heirs of a deceased partner the balance found due the plaintiff, since one is purely equitable and the other purely legal, and the parties are not the same.

Aᴘᴘᴇᴀʟ from a judgment of the circuit court for Green county: Joʜɴ R. Bᴇɴɴᴇᴛᴛ, Circuit Judge. *Reversed.*

The plaintiff, *Leroy S. Smock*, and J. Smith Smock were partners in business for several years. In the year 1888 the

firm ceased doing business, and all its assets were applied to the payment of its debts. After the application of all the assets, several firm debts, of considerable amount in the aggregate, remained unpaid. J. Smith Smock died. His estate was fully administered and settled. His debts were paid from his personal estate, and his real estate was assigned among his heirs. The firm debts were not made claims against his estate, and no part of them were paid from it. Afterwards the plaintiff paid the firm debts. He brings this action to recover from the heirs of J. Smith Smock the amount which he claims would be due to him from J. Smith Smock on settlement of the partnership transactions. The right of action is based upon sec. 3274, R. S. There has never been a settlement of the partnership transactions and accounts. The complaint sets out the condition of the partnership account as the plaintiff claims it, and asks judgment that it be adjusted and fixed as there stated, and that the claim of the plaintiff, as so fixed and adjusted, be made a lien upon the lands which descended to the defendants from their ancestor, J. Smith Smock. A demurrer *ore tenus* to the complaint was overruled, and a trial had, which resulted in a judgment for the plaintiff, substantially in accordance with the demand of his complaint. From this judgment the defendants appeal.

For the appellants there was a brief by *J. D. Dunwiddie* and *B. F. Dunwiddie*, and oral argument by *B. F. Dunwiddie*. To the point that the claim in suit is not a contingent claim within the meaning of sec. 3858, R. S., they cited *Austin v. Saveland's Estate*, 77 Wis. 108, 114; *French v. Hayward*, 16 Gray, 512; *Cummings v. Thompson*, 7 Met. 134; *Ernst v. Nau*, 63 Wis. 134; *Sargent's Adm'r v. Kimball's Adm'r*, 37 Vt. 320; *Alexander v. Follett*, 5 N. H. 499; *Sears v. Wills*, 7 Allen, 430.

For the respondent there was a brief by *A. S. Douglas* and *Fethers, Jeffris, Fifield & Mouat*, and oral argument by *M. G. Jeffris*.

NEWMAN, J.    The question which is decisive of this appeal is whether the demurrer *ore tenus* was properly overruled. If the complaint states a cause of action in favor of the plaintiff and against the defendants as heirs of J. Smith Smock, then there can be no question that the proof establishes such cause of action as is pleaded.    The more definite question is whether the complaint states such facts as show that the plaintiff had a claim against J. Smith Smock, which he is entitled to enforce against his heirs under sec. 3274, R. S. The point chiefly in debate was whether action on plaintiff's claim was barred because not presented to the probate court and allowed against the estate.    It was urged that plaintiff's claim was taken out of the operation of the statute (sec. 3844) by the fact that it was only a contingent claim, and not a proper claim to be allowed.    If it was in truth a contingent claim, which did not become absolute during the time when the estate was in process of settlement, then the case does not come within the bar of the statute.    *Mann v. Everts,* 64 Wis. 372.    There is a sense in which it may be said, perhaps, that the plaintiff had a claim against the estate of J. Smith Smock, contingent on the happening of certain conditions. If, on an accounting and settlement of the partnership transactions, something should be found due from the partnership to the plaintiff, and also something should be found due from J. Smith Smock to the partnership, and there should be a substitution of debtors, on the happening of all these contingencies the plaintiff would become a creditor of the estate of J. Smith Smock.    Possibly it could be said that before these contingencies happened he was a creditor with a contingent claim, within the meaning of the statute.    The question is not important in this case, for the contingencies have not happened.    There has been no accounting and settlement of the partnership affairs.    Until such settlement, whatever is due from each partner is due to the partnership, and whatever is due to a partner is due from the partnership.    *Sprout*

*v. Crowley*, 30 Wis. 187; *Smith v. Diamond*, 86 Wis. 359;
*Pendleton v. Beyer*, 94 Wis. 31; Bates, Partnership, § 849,
and cases cited in note. So, it cannot, with precise accuracy,
perhaps, be said that before such accounting and substitu-
tion of debtors the plaintiff had any claim at all against the
estate of his copartner. It was, indeed, little more than a
possibility of a claim.

It is not, indeed, claimed that there has been a settlement
of the affairs of the partnership. But such settlement is
sought in this. action, and that the balance found due from
the partnership to the plaintiff be made a lien upon the real
estate which the defendants inherited from his copartner.
This seems to be a misjoinder of incongruous causes of ac-
tion. They are not such as it is permissible to join under
sec. 2647, R. S. They do not belong to the same class, as
therein defined, nor affect all the parties to the action. A
purely legal cause of action under the statute is joined with
one purely equitable, and requiring different parties. To
the legal cause of action the heirs of J. Smith Smock are
necessary parties. To the equitable cause of action they
are not even proper parties, while the representatives of
J. Smith Smock are necessary parties, without whose pres-
ence no judgment can be rendered which shall in any way
affect his estate. *Fuller v. Benjamin*, 23 Me. 255; *Jenness
v. Smith*, 58 Mich. 280; Bates, Partnership, § 931. The rep-
resentatives of J. Smith Smock are not parties to the action.
So, no judgment in the action, by way of an accounting,
could be binding upon his estate, or be the basis of new
rights in the plaintiff in his estate. Even if it should be
deemed that the plaintiff had a contingent claim against the
estate, such claim remains contingent, and has not become
absolute.

On these considerations, it seems clear that the complaint
fails to show that any claim or right of action against the
estate of J. Smith Smock has accrued to the plaintiff, or

Roth vs. S. E. Barrett Mfg. Co.

any claim to be enforced against the lands which the de-fendants have inherited from him. The complaint does not state a cause of action. The demurrer *ore tenus* should have been sustained.

*By the Court.*— The judgment of the circuit court is re-versed, and the cause remanded for further proceedings ac-cording to law.