GARLICK, Appellant, vs. KARGER, Assignee, Respondent.

*September 11 — September 28, 1897.*

*Voluntary assignment: Allowance of claims.*

1. Upon dissolving a partnership, one of the partners retired, severing all connection with the firm, though allowing the firm name to remain unchanged, and leaving his share of the capital in the business until a specified date, but relinquishing such share to a third person, and before that date the firm made a voluntary assignment in favor of creditors. *Held*, that, though the remaining partners had bound themselves to pay over to such third person the share of the retiring partner, yet she could not prove up her claim thereto in competition with the creditors of the firm.

2. The claim of such third person, as filed, was for $6,000, the capital invested by the retiring partner, "or such part thereof as may be found to be remaining . . . which may not have been withdrawn or lost in the business." *Held*, that being conjectural and uncertain, it was properly stricken from the files without prejudice.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Lenicheck, Koenitzer & Lenicheck* and *Rublee A. Cole.* They argued that the claim of the appellant was duly made and

filed. *First Nat. Bank v. Hackett,* 61 Wis. 335, 346, 347; *Bradley v. Cowen,* 19 Fed. Rep. 295. There was no warrant for striking it from the files.

For the respondent there was a brief by *Mock, Riley, Wittig & Schinz,* and oral argument by *Moritz Wittig, Jr.* They contended that the appellant, representing the interest of a partner, could not prove up her claim in competition with the creditors. *Gibbs v. Humphrey,* 91 Wis. 111, 115; *Thayer v. Humphrey,* id. 276, 288.

PINNEY, J. This was an appeal from an order of the circuit court for the county of Milwaukee in the matter of the assignment of Morris Speiser and Sigmund Bing, denying the motion of the appellant for a reference and allowance of her claim filed against the assignors, and striking her claim from the files.

Morris Speiser and Sigmund Bing, copartners doing business as the firm of Speiser, Bing & Co., made a voluntary assignment to the respondent for the benefit of their creditors, which was duly filed, and notice given to creditors to present their claims. The appellant filed a claim, founded upon a written agreement of August 27, 1895, between said Morris Speiser, Sigmund Bing, William Boyd, and the appellant, to the amount of $6,000 and interest; praying that it be allowed, and, if disallowed, that the assignors and assignee be required to render a true and just account, and the amount found due on accounting be allowed. The agreement recited, in substance, that the first three of said parties had been engaged in the wholesale clothing business in Milwaukee under the name of Speiser, Bing & Co., and that such copartnership was thereby dissolved by mutual consent, William Boyd retiring and withdrawing all connection with said business from that date (the firm, however, to remain the same as at present until April, 1896), the successors, Speiser and Bing, agreeing to pay all the outstanding bills

and accounts, and having authority to receive and receipt for all moneys due said firm; and in consideration of the bill of sale and agreement at that date made by William Boyd to Speiser and Bing of all his interest, whatsoever it might be, in and to the property and assets of Speiser, Bing & Co., said Morris Speiser and Sigmund Bing bound themselves, their heirs and assigns, to pay to the appellant on or before April 1, 1896, the sum of $6,000, or such part thereof as might be found to be remaining in the business of Speiser, Bing & Co., of the capital stock of $6,000 put into the business by William Boyd, which might not have been withdrawn or lost in the business done before the date of the written agreement, it being acknowledged that the said capital put into the said business by William Boyd was money and property of the appellant, and Boyd relinquished all claim to said capital in her favor.

Said Morris Speiser and Sigmund Bing further bound themselves, their heirs, etc., to pay or cause to be paid to the appellant two twelfths of whatever net profits there might be found to be and belong to the said capital, that being the portion or share in profits of the business of Speiser, Bing & Co. which was theretofore understood should be paid to William Boyd; the amount of such profits to be determined from an examination of the books and upon the winding up of the affairs of said Speiser, Bing & Co. between the date of said agreement and the 1st of April, 1896; the computation of net profits to be on the business of Speiser, Bing & Co. done prior to the date of the agreement. Speiser and Bing further agreed to pay to the appellant the sum of $40 per month from the date of the agreement until the 1st of April, 1896, or until such time before that date as the whole amount of said $6,000, less or more, may have been paid to the appellant; said sum of $40 a month to be charged to her, and deducted from the whole amount which might be found payable to her under the agreement. William Boyd rati-

fied and acknowledged the agreement and the obligations therein, in discharge of all his claim and interests, both to the property and profits in the business of Speiser, Bing & Co.; it being understood and intended that the appellant should not share in the profits of the business made or incurred after the date of the agreement, but should be chargeable with two twelfths of the losses which might be sustained upon any business done prior to said date, and since the investment of said capital of William Boyd in the business; it being mutually agreed that the capital known as that of William Boyd should bear two thirds of the expense necessarily incurred in examining books, collecting the accounts, and winding up the business affairs of Speiser, Bing & Co.

Said claim was verified, and the appellant moved the court for an order of reference referring her said claim to a referee for the purpose of ascertaining the exact amount due, and for the purpose of ascertaining whether it had or had not a preference over the claims of the general creditors of Morris Speiser and Sigmund Bing, doing business as Speiser, Bing & Co., and for such other relief, etc. The court made an order denying the reference, and that the claim of the said appellant be stricken from the files, without costs and without prejudice, from which said appellant appeals.

The claim filed by the appellant is against the firm of Morris Speiser and Sigmund Bing, doing business under the firm name of Speiser, Bing & Co., and for which Speiser and Bing made themselves personally liable by the written contract. The appellant, claiming under and through William Boyd, one of the copartners of the firm of Speiser, Bing & Co., by assignment from him and as a representative of his interest as a partner therein, cannot prove up her claim thus derived from him against the assets of the firm of Speiser, Bing & Co. in the hands of their assignee, in competition with the creditors of the firm. *Gibbs v. Humphrey,* 91 Wis. 111–115; *Thayer v. Humphrey,* 91 Wis. 276, 288. As as-

signee claiming under Boyd, she has no claim against the firm of Speiser, Bing & Co. until its affairs have been adjusted and something has been found due to Boyd from the firm which would pass to the appellant. Whether any sum, or what, will be found due to Boyd, is uncertain and conjectural. *Blakely v. Smock*, 96 Wis. 611. It may be that the plaintiff will be able to prove some sum under the contract, but the claim is not presented with sufficient clearness and certainty to warrant the conclusion that she has any claim against the assets of the firm now in process of administration. If it should hereafter be developed that there is ground upon which she can prove or maintain any such claim, inasmuch as the order refusing a reference and striking the claim from the files is without prejudice, the court in such event will be warranted in allowing her to present a claim in respect thereto with sufficient certainty of statement. Upon the record before us, we think the order of the circuit court was correct.

*By the Court.*— The order of the circuit court appealed from is affirmed.