| 71 | 155 |
| 73 | 51 |
| 71 | 155 |
| 98 | 594 |

STONE, Appellant, vs. THE CITY OF OCONOMOWOC, Respondent.

*February 7 — February 28, 1888.*

MUNICIPAL CORPORATIONS: PLEADING. *(1) Power to rent city hall for entertainments. (2) Injury to owner of private hall. (3) Mere conclusions not admitted by demurrer.*

1. The common council of a city had, by the charter, "the control and management of the finances of the city and of all other property thereof," and had power to lease the real estate of the city, and to prevent or license and regulate theatrical performances, etc. *Held,* that it might let or use the auditorium of the city hall for theatrical and other entertainments. *Bell v. Platteville, ante,* p. 139, followed.

2. The fact that such use of the city hall lessens the profits derived by a citizen and tax-payer from his own hall built for similar purposes, gives him no right to have such use restrained.

3. An allegation in a complaint that the authorities of the defendant city intended to use certain property "precisely as if the said city was a private corporation and had erected the same with its private corporate funds," is *held* to be a mere conclusion from the other facts alleged, and not to have been admitted by a demurrer.

APPEAL from the Circuit Court for *Waukesha* County.
The following statement of the case was prepared by
Mr. Justice CASSODAY:

This action was commenced in March, 1887, to restrain
the defendant from letting, leasing, or allowing the main
auditorium of its city hall to be used for theaters, operas,
concerts, lectures, dances, shows, or other entertainments,
for profit or otherwise, and to restrict its use to municipal
purposes. The defendant demurred to the complaint on
the ground that it did not state facts sufficient to consti-
tute a cause of action. From the order sustaining the de-
murrer the plaintiff appeals.

The complaint is to the effect that the plaintiff is a resi-
dent and owner of a large amount of real estate in the
defendant city, assessed at $17,500, upon which he pays
taxes; that in 1886 the defendant purchased certain lots
therein for the purpose of erecting a city hall, lock-up, and
such other buildings as it might desire; that pursuant to a
petition presented to the common council, March 15, 1886,
the said council submitted to the qualified electors of the
city the question of bonding the city for the purpose of rais-
ing money to build city buildings for the use of the city;
that said electors thereupon voted to bond the city for
$16,000 at the election thereof in April, 1886; that by aid
of the bonds thus voted, and other moneys raised by taxes
levied, the mayor and common council did erect and build
on said lots a city hall, at a cost, including accrued interest
on the bonds, of $26,379.76; that February 16, 1887, the
mayor and common council did by ordinance create an of-
fice of the "custodian of the main auditorium of the city
hall," and thereby gave such officer authority to lease said
hall for such purposes as were lawful when not used for
city purposes; that it is the purpose and intention of the
mayor and common council to rent and lease, to whomso-
ever may desire, the main hall of said building, for profit

Stone vs. The City of Oconomowoc.

and gain, for theaters, operas, concerts, lectures, dances, shows, and all public amusements, and to realize and reap gain and profit thereby, subject to whatever may be the damage of the wear and tear thereof; "that it is their intention and purpose thus to use the said property precisely as if the said city was a private corporation and had erected the same with its private corporate funds;" that the defendant has already used the same for such purposes, and already leased the same at divers and different times for dances and other public amusements, for which it received rent in some instances and in others gave the rent for nothing; that the plaintiff objects to the use of said building for any purpose except such as is strictly municipal and as is necessary to the city and the people in the exercise of its and their municipal functions and duties; that a part of the plaintiff's said real estate consisted of a large and costly block of buildings in which was and is a large and capacious hall expressly fitted and prepared for use for concerts, dances, operas, theaters, public amusements, and gatherings, from which use he derived large and valuable profit from the rent thereof; and that the same materially enhanced the value of his said property; that he purchased that property some six years before in the belief that in a city of that size private capital would not be invested in any building which would seriously come into competition with his; that the erection and use of said city hall for municipal purposes worked no harm to his property, but that such use of the same for such private purposes was and is a serious harm and injury to him and his said property, and materially detracts from both its value and income.

For the appellant there were briefs by *Warham Parks* and *Bushnell & Watkins*, and oral argument by *Mr. Parks* and *Mr. A. R. Bushnell*. They contended, *inter alia*, that the public building in which is this hall was erected solely for city purposes, and could not, under the law, have been

built for any other object.   It is the privilege of the plaint-
iff, as a tax-payer, to insist that its use should be confined
to the purpose for which it was erected, and he has properly
sought that relief in a court of equity.   *Scofield v. Eighth
School Dist.* 27 Conn. 499; *Pratt v. Pratt*, 33 id. 455; 2
Dillon on Mun. Corp. (1st ed.), secs. 731–736; *Judd v. Fox
Lake*, 28 Wis. 583; *Smith v. Appleton*, 19 id. 471; *Lawson
v. Schnellen*, 33 id. 292; *Aurora v. C., B. & Q. R. Co.* 119
Ill. 246.

For the respondent there was a brief by *Jenkins, Wink-
ler & Smith*, and oral argument by *Mr. F. C. Winkler.*

CASSODAY, J.   1. By its charter the city is given "the
general powers possessed by municipal corporations at com-
mon law, and in addition thereto" such other powers as are
therein "specifically granted."   Sec. 1, subch. 1, ch. 239,
Laws of 1879.   The charter further provides that "the
common council shall have the control and management of
the finances of the city and of *all other property thereof;*
and, in addition to the powers otherwise vested in it, it
shall have full power by ordinance, resolution, or by-laws —
(1) To receive, purchase, and hold, for the use of the city,
any estate, real or personal, and to sell, lease, or convey the
same.   (2) To limit and define the duties and powers of offi-
cers and agents of the city.   .   .   .   (5) To control and pro-
tect the public buildings, property, and records, and insure
the same.   .   .   .   (12) To prevent or license and regulate
the exhibitions of   .   .   .   theatrical performances or shows
of any kind."   Subd. 1, 2, 5, 12, sec. 3, subch. 4, ch. 239, Laws
of 1879.   These provisions of the charter, with the general
statutes, gave to the mayor and common council of the
city substantially the same powers in regard to letting the
auditorium of the city hall for theaters, etc., for profit, as
were possessed by the city of Platteville, as indicated in the
opinion filed herewith in the case of *Bell v. Platteville, ante,*

p. 139.   The facts in the two cases are substantially alike so far as they are material to the question presented.   For the reasons given in that opinion, we must hold that, with the powers thus possessed by the municipal authorities, and as incident to the city's ownership of the property, they had the lawful right to let or use the auditorium of the hall for the purposes mentioned.

2. Having determined that such letting and use is lawful, there seems to be no ground for holding that the plaintiff may nevertheless restrain such lawful use merely because it lessens the profits which otherwise would accrue to him by the letting and use of his own hall for similar purposes. If the plaintiff is in fact injured by such diminution of customers, such injury is necessarily too remote and consequential to be the basis of an action, and hence *damnum absque injuria.*   This is too plain to require the citation of authority.

3. The mere allegation that it was the intention and purpose of the city authorities to use the " property precisely as if the said city was a private corporation and had erected the same with its private corporate funds," imports no new fact into the complaint, but is at most a mere conclusion from the other facts alleged, which was not admitted by the demurrer.   *Pratt v. Lincoln Co.* 61 Wis. 66.

*By the Court.*— The order of the circuit court is affirmed.