TYRE, Appellant, vs. KRUG and others, Respondents.

*October 31—December 8, 1914.*

*Pleading: Joinder of causes of action: Schools: Use of buildings for private business: Powers of school boards.*

1. Under sec. 2647, Stats., a cause of action for damages in favor of plaintiff personally cannot properly be united with a cause of action in favor of himself and all other taxpayers similarly situated, as a class, to restrain certain acts of public officers or employees.

2. The school board in a city of the first class has no authority, either under sec. 8, ch. 459, Laws of 1907, or under sec. 435e, Stats., to permit school principals to use the school buildings for the purpose of conducting private school-book and supply businesses for their personal profit; and such use of the buildings may be restrained in a taxpayer's action. WINSLOW, C. J., and VINJE, J., dissent.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The plaintiff brings this suit as a taxpayer against the defendants, who are the principals of five public high schools in the city of Milwaukee. It is alleged that the defendants have been conducting regular stores in the school buildings under their charge and control, wherein they have sold drawing instruments, school books, stationery, and blanks for a profit above the cost of such articles; that they pay no compensation for the use of the buildings for this purpose; that the school board denied the request of the Milwaukee Stationers and Manufacturers Club to prohibit the use of the buildings for this purpose and by a unanimous vote gave its assent that the same should be continued.

It is also alleged that the plaintiff is now and for years has been engaged as a dealer in school books and school supplies and that his income has been diminished by reason of these acts of the defendants. The plaintiff further alleges that his remedy at law is not adequate. He asks judgment for $1,000 damages sustained by him because of the acts of

the defendants and that the defendants be enjoined and restrained during the pendency of this action and until the further order of the court from making any use of the buildings for the purpose of carrying on this business of offering for sale any school books or other school supplies, or otherwise attempting to make use of the school buildings under the permission given by the school board, and that he have such other and further relief as may be equitable, together with his costs and disbursements herein.

Injunction was granted during the pendency of this action upon the depositing of a bond for $250 by the plaintiff. The defendants demurred to the complaint upon the grounds: (1) several causes of action have been improperly united, and (2) the complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer on the second ground and ordered that the temporary injunction be dissolved. From this order sustaining the demurrer this appeal is taken.

*C. H. Hamilton,* for the appellant, cited, among other authorities, *School Dist. v. Arnold,* 21 Wis. 657; *Scofield v. Eighth School Dist.* 27 Conn. 499; *Hurd v. Walters,* 48 Ind. 148; *Spencer v. Joint School Dist.* 15 Kan. 259; *Bender v. Streabich,* 182 Pa. St. 251, 37 Atl. 853; *Hysong v. School Dist.* 164 Pa. St. 650, 30 Atl. 482; *Lewis v. Bateman,* 26 Utah, 434, 73 Pac. 509; sec. 501, Stats.; *State v. Wick,* 130 Iowa, 31, 106 N. W. 268.

For the respondents there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* first assistant city attorney, and oral argument by *Mr. Williams.* They contended, *inter alia,* that a municipal corporation has the right to lease or let municipal property for private purposes when that leasing or letting does not in any way interfere with the public purposes and is in keeping with the public welfare. *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831; *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829; *State v. Eau Claire,* 40

Wis. 533; *Green Bay & M. C. Co. v. Kaukauna,* 70 Wis. 635, 35 N. W. 529, 36 N. W. 828. They also cited, as relating to the use of school houses for purposes that do not interfere with their use for actual school purposes, *Nichols v. School Directors,* 93 Ill. 61; *Townsend v. Hagan,* 35 Iowa, 194; *Davis v. Boget,* 50 Iowa, 11; *Trustees of Harmony Tp. v. Osborne,* 9 Ind. 458; *Lagow v. Hill,* 238 Ill. 428, 87 N. E. 369; *Cost v. Schinault* (Ark.) 166 S. W. 740; *Appeal of Barnes,* 6 R. I. 591; *Chaplin v. Hill,* 24 Vt. 528; *Russell v. Dodds,* 37 Vt. 497; *State v. Kessler,* 136 Mo. App. 236, 117 S. W. 85; *Gottlieb-Knabe & Co. v. Macklin,* 109 Md. 429, 71 Atl. 949, 31 L. R. A. N. s. 580; *Hartwell v. Littleton,* 30 Pick. 229.

SIEBECKER, J. It is contended that the plaintiff has attempted to join an individual cause of action in his favor for damages with an action, which he prosecutes as taxpayer in favor of himself and all others similarly situated, for an injunction to restrain defendants from using the school houses to conduct the alleged private businesses. The allegations of the complaint are that the plaintiff has been damaged in his private business, for which he seeks to be compensated. Can such a cause of action be joined with the equitable relief sought by the plaintiff as representative of a class, namely, the taxpayers of the city of Milwaukee? Sec. 2647, Stats., prescribes what causes of action may be united in the complaint. "But the causes of action so united must all belong to one of these classes and must affect all the parties to the action. . . ." The complaint before us seeks to unite an action in equity, prosecuted by the plaintiff in his representative capacity of citizen and taxpayer of the city of Milwaukee in behalf of himself and all others similarly situated, and an action in his individual capacity to recover damages which he personally claims to have suffered through the acts of the defendants. No one except the plaintiff has any interest in his

personal action, while the equitable cause of action for an injunction is in favor of a large number of persons whom he represents as a class.    As held in *Hawarden v. Youghiogheny & L. C. Co.* 111 Wis. 545, 87 N. W. 472, "Potentially all of the class are parties."    Such an action cannot be united in the same complaint with an action which is brought to redress the personal wrongs of the plaintiff.    "The two causes of action would not both belong to any one of the classes specified in sec. 2647, Stats. 1898, nor would they both affect all parties to the action, as required by that section."    *Luther v. C. J. Luther Co.* 118 Wis. 112, 94 N. W. 69, and cases cited.

The trial court held that the complaint does not allege sufficient facts to constitute a cause of action on the ground that the board of school directors of the city of Milwaukee is authorized to permit defendants such use of the school buildings as is set forth in the complaint.    The court based its decision on the provisions of ch. 459, Laws of 1907, and sec. 435e, Stats. 1913.

The buildings erected for the public schools are to be devoted to the purposes contemplated by the statutes of maintaining the public schools in providing popular instruction. The legislature has by law made provision to promote the cause of popular education by the organization of local school authorities and conferred on them the power to raise by general taxation the money required to acquire school-house sites and for building school houses, and imposed upon school boards the duties of maintaining the required schools and to devote these school properties to school purposes and manage them as prescribed by law.    The allegations of the complaint are in effect that the school directors of the city of Milwaukee granted the defendants permission to use the school buildings of the city for the purpose of conducting private school-book and supply businesses for their personal profit.    Do the statutes authorize the use of the public school buildings for conducting such private school businesses for personal profit?

We have discovered no provision in the statute that confers any authority on school officers to grant the use of school houses for such a private purpose, unless such authority is granted by the acts on which the trial court based its decision. Ch. 459, Laws of 1907, is "An act relating to school boards and common and high schools in cities of the first class." Sec. 18 thereof provides: "The board shall be governed in all things by the school laws of the state, except as they are altered or modified by this act." The trial court considered that sec. 8 of this act, providing that the board may adopt a uniform system of instruction and that the board "shall adopt at its discretion, and modify or repeal, by-laws, rules and regulations for its own government, and for the organization, discipline and management of the public schools under its control, and generally adopt such measures as shall promote the good order and public usefulness of said schools; provided that such by-laws, rules and regulations shall not conflict with the constitution and laws of the state," conferred such authority. The context of this portion of the law clearly indicates that the power of making regulations as therein conferred was intended to include such regulations as were appropriate to promote good order, furnish useful and efficient instruction, and such management of the school properties as would accomplish the purposes of providing the contemplated public education. If the complaint alleged a state of facts which showed that the school board in their official capacity were furnishing books and supplies to pupils as an incident to a successful and efficient conduct of the public schools, we would then have presented to us an entirely different case from the one presented by the alleged facts in this complaint. The facts alleged in the complaint present a case wherein the defendants are charged with conducting "regular stores in the high school buildings under their charge and control wherein they have sold drawing instruments, school books, stationery, and blanks for a profit above the cost of such articles," and that they so

use the buildings without paying any compensation therefor. It is not charged that the alleged use of these school houses by defendants in any way interferes with the use of the buildings for school purposes. We find nothing in the part of the statute heretofore quoted nor in the provision of sec. 435*e*, Stats. 1913, indicating a legislative intent to confer authority on the school boards of this state to permit the school houses within their control to be used for the conduct of private businesses such as the defendants are alleged to be conducting for their personal profit. We think that school boards have not been granted authority to permit school buildings to be devoted to uses other than to school purposes, aside from those uses expressly enumerated in the statutes. The rule which was enforced under the statutes in the case of *School Dist. v. Arnold*, 21 Wis. 657, has not been modified by subsequent enactments by the legislature nor by the decisions in the cases of *Bell v. Platteville*, 71 Wis. 139, 36 N. W. 831; *Stone v. Oconomowoc*, 71 Wis. 155, 36 N. W. 829; and *State v. Eau Claire*, 40 Wis. 533. These decisions in no way referred to the extent or the nature of the authority conferred on school boards, nor did they in principle involve the questions here presented under the statutes regulating the government and management of the public schools. The *Arnold Case* was adhered to in *State ex rel. Weiss v. District Board*, 76 Wis. 177, 44 N. W. 967.

The trial court erred in sustaining the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint states a good cause of action for relief to restrain the defendants from using the school buildings to conduct their private businesses for profit as alleged in the complaint. The plaintiff as a taxpayer and resident of the city is a proper party to prosecute the action for himself and all others similarly situated.

Since the complaint embraces a cause of action for recovery of plaintiff's personal damages, it follows that the com-

plaint improperly unites this cause of action with a cause of action in equity for injunctional relief, and the demurrer on that ground should have been sustained and the demurrer on the ground that the complaint failed to state a cause of action should have been overruled; but since the plaintiff is the successful party on this appeal, he is entitled to recover his costs in this court, although the order appealed from, under the circumstances, must be affirmed on grounds other than those on which the trial court acted.

*By the Court.*—The order appealed from is affirmed.

WINSLOW, C. J. (*dissenting*). I agree that a cause of action for a wrong to a single individual cannot be joined with an action to redress or prevent a wrong done to a class, but in my judgment there is no actionable wrong of either kind stated in the complaint. Taking the alleged taxpayer's action first, it appears by the complaint that the principals of the public schools, with the assistance of some students, are selling to pupils necessary school books and utensils for a profit above the cost, and are using space in the school buildings therefor; that the facts have been investigated by the school directors, who have unanimously declared that it is for the best interests of the schools, pupils, and parents in the way of convenience and economy that the practice be continued, and that the so-called stores are not run for profit.

Inasmuch as the allegation of the complaint is positive that the so-called stores are operated for a profit, it will undoubtedly be necessary to consider the case on that basis notwithstanding the statement of the school board that they are *not* conducted for profit. It may well be, however,—in fact it seems very probable,—that the so-called profit consists of a margin above cost which goes into a fund used to beautify or provide equipment for the school buildings, as was suggested on the argument. The complaint significantly omits to charge that the profit goes to the personal enrichment of defendants.

However this may be, I think no cause of action is stated. Lawsuits are brought for the redress of substantial wrongs. Especially should this be true of the so-called taxpayer's action. The theory of this action is that the governing body of the municipality or some administrative board is either doing or about to do some act by which the interests of the taxpayers generally are or will be materially prejudiced. Liabilities are about to be created, public moneys spent, or public property wasted in illegal or extralegal enterprises. The foundation of the action is not merely that the public authorities have done or are about to do an unauthorized or extralegal act, but that the act will result in unlawful expenditure of public funds, increased taxation, or waste of public property to the prejudice of the taxpayers. Not every departure from the technically exact line of legal duty on the part of executive or administrative officers is subject to prevention or correction by the taxpayer's action. As said by this court in *Chippewa B. Co. v. Durand,* 122 Wis. 85 (99 N. W. 603), at page 107, "It is the private interest of the taxpayer, after all, that enables him to set judicial machinery in motion in a suit of this sort." It is because the alleged unlawful act injures the taxpayer in his private interest, *i. e.* wastes or expends the money or property of the municipality which belongs to the whole body of taxpayers, that the taxpayer may bring and maintain the action.

The complaint is barren of any allegation either that public money or property is injured or wasted by the operation of the so-called stores, nor does it allege that the interests of the educational system are in any way injuriously affected; there is therefore no wrong to the taxpayers alleged. Such being the case, it follows logically that there is no basis for an action for injury to the business of a private individual. *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829.

VINJE, J., concurs in the foregoing dissenting opinion.