MIDLAND TERRA COTTA COMPANY, Appellant, vs. ILLINOIS SURETY COMPANY, imp., Respondent.

*April 12—May 2, 1916.*

*Pleading: Joinder: Causes of action must affect all parties.*

1. Sec. 2647, Stats. 1913, as amended by ch. 219, Laws 1915, still requires that all causes of action united in a complaint must affect all of the parties to the action.
2. Thus, a cause of action against a building contractor for the amount due for materials purchased and against the owner on his express promise to pay therefor if plaintiff would forego a lien, could not properly be joined with a cause of action for the same debt against the contractor and against a surety company which was liable therefor on the contractor's bond.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Action for the purchase price of material sold and delivered to J. W. Utley, the principal contractor for the construction of a building owned by the Edward Schuster & Co. Inc. The *Illinois Surety Company* is joined as a defendant because it indemnified the Edward Schuster & Co. Inc. by a bond against any failure of the contractor to duly perform his contract, which bond contains this provision:

"The condition of this bond is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure to do so, and

shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good default, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

Two causes of action are set out in the complaint, one against Utley upon his contract of purchase, and against the Edward Schuster & Co. Inc. upon its express agreement with plaintiff to pay for the material furnished if plaintiff would forbear to file a mechanic's lien against the premises, which it forbore to do relying upon such agreement; the other, against Utley upon the same contract of purchase and against the *Illinois Surety Company* upon its liability on the bond.

The *Illinois Surety Company* demurred to the complaint on the ground that several causes of action have been improperly united therein for the reason that the causes of action stated in the complaint do not affect all the parties to the action. The court sustained the demurrer and the plaintiff appealed.

*G. J. Davelaar,* for the appellant, cited secs. 2603, 2610, 2647, 2656a, 2883, Stats. 1915; *Gager v. Marsden,* 101 Wis. 598, 605, 606, 77 N. W. 922; *Kollock v. Scribner,* 98 Wis. 104, 113, 73 N. W. 776; *Herman v. Felthousen,* 114 Wis. 423, 90 N. W. 432; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102; *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *St. Croix T. Co. v. Joseph,* 142 Wis. 55, 124 N. W. 1049; *O'Malley v. Miller,* 148 Wis. 393, 134 N. W. 840; *Hemenway v. Beecher,* 139 Wis. 399, 401, 402, 121 N. W. 150; *McDougald v. New Richmond R. M. Co.* 125 Wis. 121, 103 N. W. 244; *State ex rel. Mengel v. Steber,* 154 Wis. 505, 143 N. W. 156.

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *R. N. Van Doren* and *Arnold C. Otto.*

VINJE, J. In the case of *Concrete S. Co. v. Illinois S. Co., ante,* p. 41, 157 N. W. 543, it was held that the *Illinois Surety Company* was directly liable to a subcontractor under

the provisions of its bond set out in the statement of facts.
The defendant Edward Schuster & Co. Inc. is liable upon its
express promise to pay, given as a consideration for plaintiff's
forbearance to perfect a mechanic's lien. The defendant
Utley is liable upon both causes of action set out in the com-
plaint, for they are both based upon the same facts, namely,
that he purchased and agreed to pay for the materials. We
have, therefore, this situation: One defendant is liable on
both causes of action, each of the other two defendants is lia-
ble upon a separate cause of action from the other, and is in
no way related to or affected by the cause of action pleaded
against its codefendant. The Edward Schuster & Co. Inc. is
not a party to nor affected by the provision in the bond that
renders the *Illinois Surety Company* liable to the plaintiff,
and the *Illinois Surety Company* in turn is not a party to nor
affected by the promise of Edward Schuster & Co. Inc. to pay
plaintiff for the material if it would forbear to file a lien.
Both these defendants are sued upon an independent promise
individual to itself. The fact that it is for the same debt
makes no difference. The statutory test is not whether the
causes of action pleaded arise out of the same transaction, but
whether they affect all the parties to the action. Plaintiff
may have two recoveries, but it can have only one satisfaction.

Sec. 2647, Stats. 1913, as amended by ch. 219, Laws 1915,
still requires that all causes of actions united in a complaint
must affect all the parties to the action. This complaint vio-
lates that section, in that the cause of action set out against
the *Illinois Surety Company* does not affect the Edward
Schuster & Co. Inc. and in that the cause of action against the
latter does not affect the former. The cases cited by plaint-
iff do not touch the precise question at issue. They relate
generally to the subject of who are necessary or proper parties
to an action. The requirement that the causes of action
which may be united in a complaint must affect all the parties
to the action is as imperative now as it has been ever since·

sec. 2647 was first enacted. Our court has uniformly held that causes of action founded upon different rights of recovery cannot properly be united unless all the parties to the action are affected by each cause pleaded. *Greene v. Nunnemacher,* 36 Wis. 50; *Hoffman v. Wheelock,* 62 Wis. 434, 22 N. W. 713, 716; *Hughes v. Hunner,* 91 Wis. 116, 64 N. W. 887; *Blakely v. Smock,* 96 Wis. 611, 71 N. W. 1052; *Hawarden v. Youghiogheny & L. C. Co.* 111 Wis. 545, 87 N. W. 472; *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718.

*By the Court.*—Order affirmed.