EHLERS, Administratrix, Appellant, vs. AUTOMOBILE LIABILITY COMPANY, LIMITED MUTUAL, imp., Respondent.

*October 4—October 23, 1917.*

*Carriers: "Jitneys:" Indemnity bond: Injury to pedestrian: Parties: Pleading: Joinder of causes of action.*

1. The indemnity bond provided for in sec. 1797—63, Stats. 1915, covers injuries to pedestrians as well as injuries to' passengers.
2. In an action for an injury caused by negligent operation of the motor vehicle described in an indemnity bond issued pursuant to said sec. 1797—63, it was proper to make the surety company a party defendant and, under sec. 2647 as amended by ch. 219, Laws 1915, to join the cause of action against it with the cause of action against the operator of the motor vehicle.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.   *Reversed.*

This act'on was brought under ch. 546, Laws of 1915, against defendants to recover for injuries received by plaintiff's husband causing his death. Defendant Gold was operating a motor vehicle as a "bonded carrier." Gold and the *Automobile Liability Company, Limited Mutual,* of Milwaukee, Wisconsin, were made defendants. The complaint charged the defendant Gold with negligently causing the death of plaintiff's husband and alleged that the defendant indemnity company assumed liability therefor.

The defendant *Liability Company* demurred for want of facts, improper joinder of causes of action, and that the indemnity company is not a proper party defendant. The demurrer was sustained, and the plaintiff appealed.

*Charles T. Hickox* of Milwaukee, for the appellant.

*J. Elmer Lehr* of Milwaukee, for the respondent.

KERWIN, J. Two questions are involved upon this appeal: (1) Does the bond furnished by the defendant indemnity company cover injuries to pedestrians; and (2) Is the indemnity company a proper party defendant?

The law in question, ch. 546, Laws 1915, adds secs.1797—62 to 1797—68, inclusive, to the Railroad Commission Law, and relates to the operation of motor vehicles for the carriage of passengers for hire upon streets and highways.

The contention of the respondent is that the indemnity bond provided for in the law does not cover injuries to pedestrians, but is limited to injuries to passengers. We find nothing in the law that supports such contention. The title describes the law as "An act to create sections . . . relating to the operation of motor vehicles for the carriage of passengers for hire upon streets and highways." Sec. 1797—62 makes provision for the carriage of passengers for hire, and provides that such person, firm, or corporation is declared to be a common carrier. Sec. 1797—63 provides for the filing of an indemnity bond with the railroad commission and that

such bond shall be deemed to include any policy of insurance or contract in writing by which such insurance company shall assume liability.

It is alleged in the complaint that the defendant company assumed the obligation provided by the statute and became "directly liable for and will pay all damages not exceeding $2,500 to any one person, or $5,000 for any one accident that may be recovered against the operator of the vehicle hereinafter described, by reason of the negligent use and operation of said vehicle from the 23d day of May, 1916, at noon, to the 23d day of May, 1917, while said motor vehicle is being operated in the service of a common carrier as defined by chapter 546, Laws of Wisconsin, 1915."

It will be observed from the reading of the statutes upon the subject as well as the indemnity contract given by the defendant company that there is nothing to indicate that the injuries alleged do not cover injuries to pedestrians. The plain language of the law as well as the indemnity contract covers all cases of injuries to pedestrians as well as to passengers. This is not only clear from the language of the law and contract of indemnity, but it is also quite obvious that the legislature in passing the law must have had in mind the protection of pedestrians upon streets as well as passengers riding in vehicles, and so the liability assumed by the indemnity company, we think, clearly includes liability on account of injury to pedestrians.

The statute provides that the bond given by said company shall provide "that the corporation issuing the same shall be directly liable for and shall pay all damages not exceeding $2,500 to any one person, or $5,000 for any one accident that may be recovered against the operator of the vehicle described therein by reason of the negligent use and operation of such vehicle." We think it clear that the complaint states a good cause of action against the defendant company.

2. We are also of the opinion that there was no misjoinder

of causes of action, and that the defendant company is a proper party defendant. It would seem that since the passage of ch. 219, Laws 1915, amending sec. 2647, Stats., the rule formerly existing under the Code relative to uniting causes of action in one complaint has been considerably modified. True, the causes of action united must affect all the parties to the action and not require different places of trial. *Midland T. C. Co. v. Ill. S. Co.* 163 Wis. 190, 157 N. W. 785. We are of opinion that a good cause of action was stated against the defendant Joseph Gold and also the defendant company and that such causes of action were properly united. It follows, therefore, that the order appealed from must be reversed.

*By the Court.*—Order appealed from is reversed, and the cause remanded for further proceedings according to law.