Weinzirl and others, Appellants, vs. Weinzirl,
Respondent.

*February 9—March 14, 1922.*

*Specific performance: Evidence sufficient to establish contract:
Joinder of actions: Specific performance by heir and con-
version by administrator.*

1. Statements and admissions of the defendant indicating a will-
   ingness to convey a tract of land to his son (since deceased),
   unaccompanied by proof that the son went into possession of
   the land under any contract or that he ever assented to any
   terms suggested by the father, are *held* insufficient to estab-
   lish a binding contract between them.
2. Sec. 2602, Stats., providing that all persons having an interest
   in the subject and in obtaining the relief demanded may be
   joined as plaintiffs, and sec. 2647, providing that several
   causes of action may be brought in the same complaint if
   so united that they affect all parties and do not require dif-
   ferent places of trial and are stated separately, do not au-
   thorize the uniting of an action by an heir for specific per-
   formance and a claim by an administrator for conversion for
   the recovery of damages.

APPEAL from a judgment of the circuit court for Dunn
county: George Thompson, Circuit Judge. *Affirmed.*

Specific performance. This action is brought by *Mary
Catherine Weinzirl,* widow of William Henry Weinzirl,
*H. W. Rudow,* as guardian *ad litem* of *William Wayne
Weinzirl,* posthumous son of William Henry Weinzirl and
*Mary Catherine Weinzirl,* and *Mike Sand,* administrator of
the estate of William Henry Weinzirl, deceased, to compel
specific performance of an oral contract alleged to have been
made by the defendant with William Henry Weinzirl,
deceased, in the fall of 1918, by the terms of which it is
claimed that *Henry Weinzirl* agreed to sell and convey to
the deceased eighty acres of land situated in Dunn county,
and to recover the value of certain personal property be-
longing to the deceased. William Henry Weinzirl died on

the 4th day of March, 1919, and *William Wayne Weinzirl* was born in November, 1919. Upon the trial the court found the facts already stated, and in regard to the appointment of the administrator and the probate of the estate of William Henry Weinzirl, deceased, and upon the merits, found as follows:

"That at all times mentioned in the complaint the defendant was the owner in fee simple of the following described real estate [setting out the description], but that the allegations of the complaint charging that the defendant, before the death of William Henry Weinzirl, promised and agreed to convey said premises to William Henry Weinzirl, and the allegations of said complaint charging that said William Henry Weinzirl, in reliance upon such promise and agreement, entered into possession of said real estate and made substantial improvements thereon, and the allegations of said complaint charging that the defendant, in the performance of said promise, surrendered possession of said premises, and that in such performance of said promise he entered in his book of account [defendant's ledger, page 178] the memorandum referred to in the complaint and received in evidence herein, are not proven or established by the evidence in this case.

"That said William Henry Weinzirl, together with his two brothers John and George Weinzirl, occupied said premises, before and at the time of his death, as the tenant of the defendant *Henry Weinzirl,* and that he at no time held possession of any part of said premises except as such tenant. That said memorandum was entered by the defendant in his book of account not in performance of the alleged promise to convey said premises to said William Henry Weinzirl, but was entered therein by him as an intended testamentary disposition on his part."

The court made certain findings in regard to the personal property which are not material. The court concluded that as a matter of law the plaintiffs were not entitled to specific performance and judgment was entered dismissing the complaint, without prejudice to the right of the administrator

to bring an action in respect to the personal property.   From judgment entered accordingly the plaintiffs appeal.

For the appellants there was a brief by *E. S. Pattison* of Durand and *White & White* of River Falls, and oral argument by *Mr. F. M. White* and *Mr. Pattison.*

For the respondent there was a brief by *Gilman & Broadfoot* of Mondovi, and oral argument by *S. G. Gilman.*

ROSENBERRY, J.   It appears from the evidence that the defendant is a farmer fifty-nine years of age, living in the town of Eau Galle, Dunn county, and owns 280 acres of land on which he lived, a part of which is the eighty acres in controversy here.   His family consisted of his wife, four sons, and three daughters, including the deceased, William Henry Weinzirl.   The deceased William Henry had worked at home from childhood.

On August 20, 1915, the defendant leased the eighty acres in dispute to one William Rodewald for three years, who remained in possession until he removed the crop in the fall of 1918.   Of the eighty-acre tract twenty-five acres were under cultivation in 1918, thirty-five acres in pasture, and there were twenty acres of cut land containing saw timber, basswood, maple, elm, and a few oak.   There was not and never had been a house upon the land or building of any kind.

In 1916 the defendant rented all of his land, except that leased to Rodewald, to his sons, George, William, and John, and thereafter they operated the farm, the father furnishing the necessary stock, machinery, and equipment.   This arrangement continued up to the death of William Henry on March 24, 1919.

In 1917 William Henry registered and was first given deferred classification and afterwards placed in Class 1. The defendant then became very active in his attempts to secure a reclassification, visited members of the draft board in Dunn and Pepin counties, in which interviews he made representations to the effect that William owned the eighty

acres in question, that he was desirous of giving him a deed to it, and stated to other parties that the eighty acres in question belonged to William. William was inducted into service and was discharged and returned home in August, 1918.

After the expiration of the Rodewald lease William bought dynamite to the amount of $120.50, which was used in blasting stumps upon the land in dispute. In January, 1919, William cut and hauled from the eighty acres in question 12,000 feet of saw logs, for which the defendant makes no claim. In February, 1919, he was married to the plaintiff *Mary Catherine,* who was teaching school in the neighborhood. After their marriage William Henry and his wife lived with the defendant. *Mary Catherine* testified that the defendant told her that he had agreed to let William have the farm for $5,000, that he had allowed Will $2,500 for his work, and that was to be deducted from the $5,000. *Mike Sand,* father of the wife of William, testified that the defendant told him that he had bargained to sell Will the eighty for $5,000 and had given him $2,500 for his labor off from the purchase price.

On February 3, 1919, the defendant made an entry in his account book with William Henry Weinzirl as follows:

| | | |
|---|---:|---:|
| Farm | $5,000 | 00 |
| Car bought | 461 | 95 |
| Shock absorbers | 384 | 65 |
| Money loaned | 31 | 50 |
| Six cows | 350 | 00 |
| One coming 2 year old | 35 | 00 |
| Living expense | 91 | 00 |
| Seven hogs | 181 | 32 |
| Cash | 500 | 00 |
| One set of harness | 20 | 00 |
| One horse June | 150 | 00 |
| | $7,205 | 42 |
| Inheritance | 2,500 | 00 |
| | $4,705 | 42 |

The defendant testified that if he had Will charged up with six cows in February, 1919, he owned them, and that if he had him charged with seven cows he owned them and they were on the place.    Upon the death of William Henry the defendant took possession of all the personal property.

After *Sand* was appointed administrator he made a demand upon the defendant for a performance of the alleged contract and the possession of the personal property, and the defendant refused to convey and denied that there was a contract.    We shall not state the facts relating to the personal property, as we deem it not material upon the issue presented here.

The question presented here is, Are the findings of the court against the great weight and clear preponderance of the evidence?    For if the facts are as found by the trial court, no right to specific performance on behalf of the plaintiffs, or any of them, exists.    We have set out the main facts relied upon by the plaintiffs in this action to sustain their contention.    If it be conceded for sake of argument that the trial court was in error (we do not so find) in holding that such possession as William Henry Weinzirl had was under and by virtue of the lease made between William Henry and his brothers with the father, *Henry Weinzirl,* nevertheless the record is barren of any evidence which shows that the minds of the parties ever met upon the terms of a contract.    He may have gone into possession under the terms of the lease, himself and brothers with the father simply taking over the property when the Rodewald lease expired.    There is nothing to show that he went into possession under the alleged contract.    There is no evidence in the record which shows, or tends to show, the assent of William Henry to the claimed contract.    The statements and admissions of the defendant indicate a willingness on the part of the defendant, especially during the period of the draft, to convey these premises to his son, William Henry. He never did convey them, nor is there any evidence of any

negotiations leading up to or amounting to a contract be-
tween father and son.   That the father was predisposed to
make some such disposition of his property as is indicated by
the statement in his account book seems to be established,
but we find no evidence of record that he ever contracted to
do so.   There may have been some tacit understanding be-
tween them, but there is nothing that raises that understand-
ing to the dignity of a contract.

It is urged here that the court erred in dismissing the
complaint as to the personal property.   That there was a
clear misjoinder of actions in this case seems apparent.
There was an action on behalf of the widow and the heir
to compel specific performance.   A part of the cause of
action was the right of the administrator to recover the
value of the personal property of the deceased.   Under sec.
2602, Stats., all persons having an interest in the subject
of the action and in obtaining the relief demanded may be
joined as plaintiffs, but it is required by sec. 2647 that, while
the plaintiff may bring in the same complaint several causes
of action, "the causes of action so united must affect all the
parties to the action and not require different places of trial,
and must be stated separately."   This does not authorize
the joining of two separate independent causes of action
between different parties, one of which is an action in equity
to compel specific performance of a contract, and the other
an action for conversion for the recovery of damages.
*Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W.
785; *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718.

*By the Court.*—Judgment affirmed.