Oconto County, Plaintiff and Respondent, vs. Carey, imp.,
Defendant: Hartford Accident & Indemnity Com-
pany and another, Appellants (separate appeals).

*February 16—April 8, 1924.*

*Counties: Defaulting treasurer: Liability of sureties on successive
bonds: Equitable accounting: Joinder: Appeal: Practice: Sev-
eral appeals.*

1. In case of two or more appeals from the same judgment or
   order, the case remains an entity in the supreme court, and
   it is not proper practice to prepare and print two cases.
   p. 422.
2. A complaint against a defaulting county treasurer who had
   served two terms, and against the surety on the official bond
   covering his first term and also another surety on the bond
   covering his second term, which alleged that the defendant
   treasurer had so kept his accounts that it was impossible for
   the plaintiff county to determine the amount of defalcation
   committed during either term or the liability of either surety,
   is construed to show a fiduciary relation and the necessity
   for a discovery, and therefore to set forth an equitable cause
   of action though containing no prayer for equitable relief.
   p. 423.
3. Both the sureties are interested in an accounting, and are
   proper if not necessary parties to the action, as there exists
   a situation where an equitable accounting is necessary in
   order to determine the amount of the defalcations in each
   term; and the successive sureties have a direct though not a
   joint or common interest in the action.   p. 424.
   Eschweiler, J., dissents.

Appeals from orders of the circuit court for Oconto
county: W. B. Quinlan, Circuit Judge. *Affirmed.*

Appeals from orders · overruling demurrers to the com-
plaint. The action is brought against the county treasurer
and his sureties to recover the amount of his alleged defal-
cations during two separate terms of office. The complaint
alleges that the defendant *Carey* was elected to. and held the
office of county treasurer for said Oconto county for the
term of two years, commencing on the first Monday in Jan-

uary, 1921, and that the defendant *Hartford Accident & Indemnity Company* was surety on his bond for and during said term; that he was also elected to said office for the term commencing on the first Monday in January, 1923, and that the defendant *Ætna Casualty & Surety Company* was the surety on his bond for that term; "that between the 1st day of January, 1922, and the 2d day of March, 1923, he converted and appropriated to his own use $2,334.98 of the county funds; that the said defendant *William Carey*, county treasurer as aforesaid, failed to keep his accounts so that the plaintiff could ascertain the exact amounts of the defalcation occurring in either of his terms of office, and kept his accounts in such a negligent manner as to render it impossible to determine the exact amount of the said defalcation committed by said *William Carey*, treasurer as aforesaid, under each of his official bonds as hereinbefore set forth, and that it is impossible for this plaintiff to determine in which term of said officer the default occurred, he having succeeded himself in office as aforestated, and that it is impossible, with due diligence used for that purpose by the plaintiff herein, to determine upon which of said bonds or in which of the terms of office the foregoing shortage occurred and in what amount, as to the exact fact of which the plaintiff is at this time uncertain."

The complaint prays for judgment against the defendants for the sum of $2,334.98, with interest and costs. The defendant surety companies severally demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that it appears upon the face of said complaint that several causes of action have been improperly joined. From orders overruling the demurrers the defendant surety companies severally appeal.

For the appellant *Hartford Accident & Indemnity Company* there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and for the appellant *Ætna Casualty & Surety*

*Company* there was a brief by *Classon & O'Kelliher* of Oconto; and the cause was argued orally by *Allan V. Classon* and *V. J. O'Kelliher*.

*Irving Breakstone*, district attorney of Oconto county, for the respondent.

Owen, J.  These appeals appeared upon the calendar, were briefed and argued, and in every way treated as separate and distinct causes in this court.  Two cases identical in subject matter were printed.  This was not proper practice.  Although there were two appeals, the circumstances did not give rise to two cases in this court.  No matter how many appeals there are from a judgment or order of a lower court the case remains an entity in this as well as in the lower court.  See sec. 3049*a*, Stats.  For the purposes of this opinion the appeals will be treated together and disposed of as a single case.

The contentions of the appellants are identical and the same questions are presented by each appeal.  The gist of their contentions is that there is a misjoinder of causes of action.  It is claimed that the liability of the surety companies arises from different instruments, that neither is interested in the issues affecting the other, that proper practice requires that the complaint state a definite amount of defalcation occurring in each term, and that separate suits should be brought by the county against the county treasurer and his surety for the amount of the defalcation occurring during each separate term.  That the complaint, therefore, improperly joins two causes of action, and, since it does not allege the amount of the defalcation occurring in each term, it fails to state a cause of action as to either of the sureties.

Though the prayer of the complaint does not ask for equitable relief the complaint nevertheless sets forth an equitable cause of action.  It is alleged that the county treasurer kept his accounts in such a negligent manner as to

render it impossible to determine the exact amount of the defalcation committed by the treasurer under each of his official bonds, and that it is impossible for the plaintiff to determine in which term the defalcation occurred, and that it is impossible, with due diligence used for that purpose by the plaintiff herein, to determine in which of the terms of office the shortage occurred and in what amount. The plain inference from this is that an accounting is necessary in order to fix the liability of the sureties. The complaint sets forth the existence of a fiduciary and trust relation between the plaintiff and the principal defendant and the necessity of a discovery. These constitute special grounds of equity jurisdiction (*Walter Diehnelt, Inc. v. Root, post,* p. 535, 198 N. W. 388), and the complaint should be treated as one in equity for an accounting for the purpose of ascertaining the amount of the defalcation occurring in each term of office so as to fix the liability of the respective sureties on the treasurer's bond for each separate term. Sec. 2649a, Stats. It is manifest that the appellants are interested in that accounting, and that they are proper, if indeed not necessary, parties to the action. *Winslow v. Dousman,* 18 Wis. 456, 463; *Blake v. Van Tilborg,* 21 Wis. 672, 673; *Bassett v. Warner,* 23 Wis. 673, 685; *Douglas Co. v. Walbridge,* 38 Wis. 179, 189; *Grady v. Maloso,* 92 Wis. 666, 66 N. W. 808.

Equitable actions of this nature against successive sets of sureties upon administrators' bonds have frequently been sanctioned and held sufficient against the attack of multifariousness. *Siebern v. Meyer,* 11 Ohio Dec. Reprint, 344; *Alexander v. Mercer,* 7 Ga. 549, 554; *Love v. Keowne,* 58 Tex. 191. Those cases involve the exact principle that is applicable to the instant case. In each of those cases the sureties were liable only for misapplications occurring during the period covered by their bonds. But the cases of *Skipwith v. Hurt,* 94 Tex. 322, 60 S. W. 423, and *Adams v. Conner,* 73 Miss. 425, 19 South. 198, involved facts identi-

cal with those here presented. In each of those cases a public officer had been elected to succeed himself. Separate bonds with different sureties had been given for each succeeding term. Defalcations were discovered, but it was impossible to tell how much of the defalcations had occurred in each term. In each case it was held that a bill in equity making the officer and all of his sureties parties for the purpose of ascertaining the amount of the defalcations in each term and fixing the liability of the sureties was immune to the objection of multifariousness. In all of the above cases the conclusion is fortified by what we regard as sound reasoning.

It seems perfectly apparent that so far as the treasurer is concerned the complaint states but a single cause of action. That cause of action arises upon his failure to account to his principal for the moneys belonging to the principal which have come into his hands. In order to fix the liability of the respective sureties it is necessary to determine just how much of the defalcation occurred in each term of office. The knowledge respecting this matter rests with the treasurer, who is the principal, and between whom and the sureties there is a privity of contract upon which the liability of the sureties is predicated. This presents a situation for an equitable accounting in order to determine the amount of the defalcations occurring in each term, in which the sureties have a direct though not a joint or common interest. Because of this situation the county has no adequate remedy at law. If it be relegated to several actions at law, and the amount of the defalcations occurring in each term be made jury issues in each action, it well may result that the sureties in each action may be able to win a verdict of the jury that certain border-line and disputed items were converted in the term for which it was not surety, thereby leaving the county without any recovery against either surety and denying it the protection which official bonds are supposed to provide. Such practice would in many instances result in a denial of

justice, and its sanction would be a taunt to our much vaunted progress in judicial procedure.

Neither does the joinder work any hardship upon the sureties. The amount of the defalcations occurring during the term for which they were sureties constitutes an issue which they must face sometime. It imposes no additional burden upon them to try out that issue in the same action; and even if it did, such considerations would not justify a rule relegating the county to its uncertain remedy at law. This is pre-eminently a case that should be disposed of in a single action, where the rights of all the parties can be determined under circumstances that will assure the public the full protection of its official bonds and enable it to recover against the sureties a sum which will equal the total of the defalcations of the officer whose official fidelity the sureties for a consideration undertook to guaranty.

That this case is not ruled by *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785, is apparent. That was a legal action, pure and simple, while this is an equitable action and governed by principles of equity jurisprudence.

It follows that the complaint does not improperly unite several causes of action, and that it does state a cause of action against all of the defendants.

*By the Court.*—The orders appealed from are affirmed.

Eschweiler, J. (*dissenting*). The defalcation by defendant *Carey*, county treasurer, in each of his terms as such, gave rise to a separate, distinct, and independent cause of action at law as against him and his several sureties for each respective term. Each surety, of course, was a proper party with the officer in any action involving the term for which it gave bond. *Ehlers v. Automobile L. Co.* 166 Wis. 185, 164 N. W. 845.

At the end of the first term defendant *Carey* and his surety for that term became immediately liable for any and

all defalcations during such first term. The surety for the second term was in no wise interested in, concerned with, or liable for any such defalcation, and was not a necessary or proper party in any litigation concerning such first term. The same is true as to the second term and first surety.

Sec. 2647, Stats., provides that causes of action that may be united in one complaint must affect *all* the parties to the action. *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785; *Weinzirl v. Weinzirl,* 176 Wis. 420, 425, 186 N. W. 1021. That the defaulting treasurer in these two terms happens to be the same individual does not, in my judgment, create a situation properly permitting the joinder here upheld, any more than such a joinder would be proper as to the terms of two different county treasurers or two or more defaulting officials holding different offices with their respective sureties.

At some stage of the case as it is now permitted, and before judgment, the definite amount of the defalcation in the first term of the county treasurer must be ascertained, and for such amount, and none other, can judgment be entered against his surety for that term, and no part of such amount can be chargeable against the surety for the second term or form any part of the judgment as against it. The same is so as to the second term. Sec. 4096 provides a simple and often applied method of ascertaining, before pleading and before trial, from an examination of such an individual defendant as the treasurer here, his agents or employees, all that can be hoped for or expected to be ascertained on the trial of the action itself. Sec. 4068 permits such examination on the trial. That the plaintiff has failed to avail itself of the simple remedy under sec. 4096 does not seem to me to convert that which is an action at law, so far as each surety is concerned, and in which it has the constitutional right to a trial by jury, into that which is herein denominated an equitable action.

In effect there is here being permitted the obtaining a dis-

covery under oath in aid of the prosecution of an action at law against the second surety by the use of another action brought against the first surety, and *vice versa*. Such bills of discovery, however, have been prohibited in this state since the adoption of the Code. Sec. 54, ch. 137, R. S. 1858. Such express prohibition of that method of obtaining information from an adversary has remained ever since then and forms the first sentence of sec. 4096, *supra.*

I think there is here a clear overruling of what was held in *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785, *supra,* and is a disregard of the express provisions of sec. 2647, *supra.* While heartily agreeing that the purpose of the Code is to simplify and expedite legal procedure, yet the result reached in this case does not seem to me to be within the letter or the spirit of the Code, in furtherance of orderly procedure, recognition of constitutional rights, or necessary for justice.