COCHRANE, Administratrix, Respondent, vs. C. HENNECKE
COMPANY, imp., Appellant.

*January 15—February 10, 1925.*

*Negligence: Damages: Death: Contractor killed by collapse of*
*building: Recovery for work and extras: Funeral expenses:*
*Joinder of causes of action: For work: For future profits.*

1. On demurrer the facts alleged in a complaint control, and re-
   course cannot be had to a supposed state of facts or upon a
   guess as to what the evidence may show at the trial.  p. 151.
2. Liability for negligence is limited to the loss which is proxi-
   mately caused by the negligence.  p. 152.
3. The recovery limit under the death statute is intended to include
   all possible loss that one entitled to recover has sustained by
   reason of the death, and such loss includes funeral expenses.
   p. 152.
4. In an action by the widow of a plumbing subcontractor against
   a general contractor and a structural steel subcontractor, a
   cause of action for work and materials furnished, for extra
   work, for loss of profits, and for funeral expenses is im-
   properly joined with a cause of action for the death caused
   by the collapse of a building.  p. 153.
5. Under sec. 2647, Stats., to properly join causes of action they
   must affect all the parties to the action.  p. 154.

APPEAL from an order of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge.  *Reversed.*

Plaintiff's husband had a contract for the installation of
plumbing in a theater building that collapsed while in the
process of construction and instantly killed him.  The de-
fendant Janesville Theater Company was a corporation own-
ing the building; the defendants John Saxe and Thomas
Saxe owned substantially all the stock of the corporation;
the defendants Martin Tullgren & Sons Company were the
architects and engineers; the defendant *C. Hennecke Com-*
*pany* was the contractor for furnishing structural steel neces-
sary for the building, and the defendant T. S. Willis was
the general contractor for the construction of the whole
building.

The complaint contains two causes of action and by apt allegations charges joint negligence of all the defendants in that the structural steel and other supports were inadequate to carry the load put upon them and hence the collapse of the building.    In the first cause of action plaintiff seeks to recover (1) the difference between the value of the work done and materials furnished by Claude E. Cochrane prior to the collapse of the building, amounting to $9,975.53, and the amount he had been paid up to that time, amounting to $6,750, or the difference of $3,225.53; (2) the value of the extra work done and materials furnished by Claude E. Cochrane prior to the collapse of the building, amounting to $149.64; (3) loss of profits under his contract which he would have made had he been permitted to finish it, amounting to $839.89; and (4) the funeral expenses incurred by the plaintiff, amounting to $443,—in all, under the first cause of action, $4,857.06.    Under the second cause of action plaintiff seeks to recover her loss under the death statute. The defendant *C. Hennecke Company* demurred to the first cause of action on the ground that it appeared on the face thereof that several causes of action had been improperly united; and second, on the ground that the first cause of action stated in the amended complaint did not state facts sufficient to constitute a cause of action as to it, the said *C. Hennecke Company*.    The trial court overruled the demurrer, and from an order entered accordingly the defendant *C. Hennecke Company* appealed.

For the appellant there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, and oral argument by *Geo. B. Hudnall*.

For the respondent there was a brief by *Nolan, Dougherty, Grubb & Ryan*, and oral argument by *Paul N. Grubb*, all of Janesville.

Vinje, C. J.    The theory of plaintiff as to its right to maintain the first cause of action is confusing and indefinite.

It is based mostly upon arguments founded upon facts supposed to exist or claimed that may exist, or may be shown upon the trial, rather than upon the facts alleged in the complaint. It is an elementary principle of law that upon a demurrer to a complaint the facts alleged in the complaint control and recourse cannot be had to a supposed state of facts or upon a guess as to what the evidence may show upon the trial. As a basis for this criticism several extracts from the argument of plaintiff's counsel are here inserted. They are:

"The presence of Willis as one of the defendants is perhaps confusing rather than helpful in the analysis of this situation. Let us suppose that the defendants, with the exception of Willis, at the same stage of completion of the building, went in and tore out the work which plaintiff's intestate had done to that date. Certainly, under those circumstances, plaintiff's intestate would have had a right of action against such tortfeasors, even assuming that he had no legal title to nor equitable interest in the building itself. As a subcontractor, and as between himself and Willis, his contract required that he complete his work and that it be accepted, and up to that moment he would have such an interest in the subject matter of his contract as would enable him to maintain an action *ex delicto* for damage or injury to it."

"That the presence of Willis as one of the joint tortfeasors is not of any controlling influence in the theory of this case is further illustrated by the fact that, upon the trial, the defendant Willis may be able to show that he performed all of the duties cast upon him by law, and that he had no such knowledge as would raise in him a duty to desist from building. He may be able to show that he had no good reason to believe that this building would be unsafe, that he had a right to rely upon the plans and specifications of the architects. If he were able to establish such facts he would consequently be exonerated from liability and eliminated as one of the joint tortfeasors, and thus would arise a situation where parties entirely independent of this contract have, by their tortious conduct, destroyed the work which plaintiff's intestate was doing.

"Again, suppose that the plans and specifications had been sufficient to produce a safe building, but that Willis, in violation thereof, had eliminated factors of safety for the purpose of saving expense to himself and thus had brought about the collapse of the building; could he be heard to say to this plaintiff that, because she has a right of action against him in contract, she is required to pursue that remedy and is not permitted to bring an action against him for his tort?"

It will be noticed that in each of these extracts facts are supposed to exist which are not stated in the complaint, and in the second paragraph facts are supposed to exist in direct conflict with the allegations of the complaint, namely, that Willis, the principal contractor, was guilty of negligence in the erection of the building, while in this paragraph of the argument it is assumed that he was not guilty and could so show upon the trial. Plaintiff seems to be of the opinion that since the whole building was destroyed she can recover for anything that had any connection with that building. Such is not the law. The liability for negligence is limited to the loss which is proximately caused by it. And in this case, since plaintiff's husband had a valid contract for the installation of the plumbing, which was only a part of the building, the right to recover under such contract against Willis remains unimpaired. The amount unpaid for the work actually done can be recovered from him just as well as though the building had not been destroyed. *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507; *Halsey v. Waukesha Springs S. Co.* 125 Wis. 311, 104 N. W. 94. The same is true of the extras. If they were properly furnished under the contract, recovery from Willis can be had. As to the future profits which the deceased would have made on the contract had the building not been destroyed, they fall under the second cause of action, namely, the death statute. For it is by virtue of the death statute that, in this case, the widow is entitled to recover all the loss which she sustained based

upon future earnings of the deceased not exceeding $10,000,
the limit placed by the statute.  As to funeral expenses they
also can be recovered under the death statute.  *Secard v.
Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45.  It is true
this court has held they may also be recovered under the
survival statute (*Herning v. Holt L. Co.* 153 Wis. 101, 140
N. W. 1102), but in view of what was said in the late case
of *Estate of Kelly,* 183 Wis. 485, 198 N. W. 280, and in
view of the logic of the situation, it is more correct to say
that they can be recovered under the death statute than under
the survival statute.  Funeral expenses are not incurred and
do not accrue until after the death of the deceased.  It is
therefore not logical to say they survive his death, since they
do not come into existence until after his death.  But the
amount of such expenses must be included within the limit
fixed by the statute, namely, $10,000.  To hold otherwise
were to hold that a plaintiff might recover the statutory limit
and then something in addition.  The statutory limit is in-
tended to include all the possible loss that one entitled to
recover under the death statute has sustained by reason of
the death of the deceased.  As a part of such loss funeral
expenses are included.

The respondent relied strongly upon the case of *Pennsyl-
vania S. Co. v. Elmore & Hamilton C. Co.* 175 Fed. 176,
and says that that case is squarely in point.  That was a case
in which the defendant had constructed a pier for the sup-
port of a bridge.  Plaintiff was to erect a superstructure or
a part thereof and had occupied the pier with his tools and
other property necessary for the performance of his part of
the work.  The pier collapsed and plaintiff's tools and prop-
erty were destroyed.  He brought an action against the con-
tractor who constructed the pier for the damages occasioned
to his tools and property, and the court properly held that he
was entitled to recover.  That, however, was an entirely
different case from the one at bar.  Here the plaintiff does

not seek to recover for the loss of any property destroyed by the collapse of the building. It does not appear that the plaintiff's intestate had a dollar's worth of tools or property in the building at the time it was destroyed that was damaged by the collapse of the building. In this case the plaintiff seeks to recover under contracts which her husband had with the principal contractor. It has already been shown that such contracts were not impaired in any respect by the collapse of the building, so far as any allegation of the complaint shows.

It follows that if the first cause of action states no cause of action against the demurring defendant there has been an improper joinder of causes of action, for in order to properly join causes of action they must affect all the parties. Sec. 2647, Stats.; *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785; *Weinzirl v. Weinzirl,* 176 Wis. 420, 425, 186 N. W. 1021.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer and for further proceedings according to law.