KONTOMINAS and another, Appellants, vs. POPP, Respondent.*

*November 29—December 30, 1949.*

* Motion for rehearing denied, with $25 costs, on March 7, 1950.

170

For the appellants there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederick C. Eberlein*.

For the respondent there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *R. H. Fischer, E. E. Becker,* and *David L. Fulton*.

FRITZ, J. The order denying Dolan's petition as administrator of John Popp's estate, for leave to intervene in the circuit court action against the defendant Popp for relief by requiring him to account for and restore assets fraudulently converted by defendant while administrator of the father's estate, must be affirmed. The determination of those issues and granting of such relief was clearly within the jurisdiction of the county court which could afford as adequate, complete, and efficient a remedy as the circuit court. Consequently it would have erred if the circuit court had assumed jurisdiction. *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 529, 181 N. W. 722; *Cawker v. Dreutzer,* 197 Wis. 98, 128, 129, 221 N. W. 401; *Connell v. Connell,* 203 Wis. 545, 234 N. W. 894; *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845; *Hicks*

*v. Hardy,* 241 Wis. 11, 16, 4 N. W. (2d) 150. Moreover, an order granting Dolan's petition for leave to intervene as a party to obtain additional relief against Popp, would have been in violation of sec. 263.04, Stats., which provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. *But the causes of action so united must affect all the parties to the action and not require different places of trial,* and must be stated separately."

Neither of the required conditions, that the causes of action must affect all of the parties to the action, and that the actions do not require different places of trial, exists in the case at bar. Doris Kontominas' causes of action against the defendant Popp are to recover judgment against him because of his fraudulent representations, which induced her to transfer to him her interests as an heir of John Popp's estate, and also induced her to convey to him her interests in property owned by her personally. In these causes of action neither the estate of John Popp nor the administrator thereof has any interest whatever nor is affected thereby; and the trial of these causes of action must be in the circuit court, as stated above. On the other hand, the proceedings sought by Dolan, as administrator, for an accounting to be made by Popp, as the former administrator, for the discovery and recovery by the administrator of assets belonging to the estate of John Popp are for the general benefit of creditors and the heirs at law of the estate and the tax authorities; and the place of trial for these proceedings is solely the county court. If Doris Kontominas is successful in her circuit court action, her recovery will belong to her alone and Dolan, as administrator, will have no interest therein. And the proceedings by Dolan, as administrator, for an accounting by Arthur G. Popp, as the former administrator, and the discovery and recovery of assets, etc., of the estate, can only

be maintained by Dolan as administrator, and Doris Kontominas can receive no benefit until the administration of the estate is completed by the distribution of the assets available for the heirs at law. As there has been no amendment of sec. 263.04, Stats., (in so far as here material) there are applicable the conclusions stated in *Weinzirl v. Weinzirl*, 176 Wis. 420, 425, 186 N. W. 1021, to wit:

"It is urged here that the court erred in dismissing the complaint as to the personal property. That there was a clear misjoinder of actions in this case seems apparent. There was an action on behalf of the widow and the heir to compel specific performance. A part of the cause of action was the right of the administrator to recover the value of the personal property of the deceased. Under sec. 2602 [now 260.10], Stats., all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, but it is required by sec. 2647 [now 263.04] that, while the plaintiff may bring in the same complaint several causes of action, 'the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately.' This does not authorize the joining of two separate independent causes of action between different parties, one of which is an action in equity to compel specific performance of a contract, and the other an action for conversion for the recovery of damages. *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785; *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718."

Likewise, there must be affirmed the circuit court's order that in Doris Kontominas' action against Arthur G. Popp there shall be tried only the issues as to whether the transfers by plaintiff to defendant of interests owned by her in certain property, and also her interest as an heir of John Popp, were induced by fraud practiced by defendant on plaintiff, and as to what relief she was entitled to have if fraud is found by the court. In her complaint she prays (1) that the transactions and contracts entered into between her and de-

fendant for the transfers to him of her interests in property owned by her and also the interest in property to which she is entitled as an heir of John Popp, be set aside for fraud of the defendant, and that there be awarded to her all of her interest in the property of which John Popp died seized; and furthermore (2) that the defendant be required to account for all assets of which John Popp died seized and securities and other personal property which he purchased fraudulently out of the assets of John Popp's estate while defendant was the administrator thereof; and that the same and all profits made thereon by defendant be paid over to a receiver to be appointed by the circuit court and to be administered by that court or the county court. Excepting in so far as plaintiff seeks in her prayer for judgment to have her transfers and contracts with the defendant Popp in relation to the sale of her own property or interests therein to him set aside because of fraud on his part, she is not entitled individually, in her own right, to any of the other relief sought in her prayer for judgment. Whatever accounting and payments of money or the return of property,—other than such as was transferred to him from plaintiff,—the defendant may be required to make must be made to the administrator of the estate. In praying for judgment in these latter respects, plaintiff is seeking to recover upon a cause of action which does not belong to her. Since the defendant Popp has been removed as administrator and Dolan has been appointed as administrator, he alone has the right and duty to recover and preserve the assets of the estate of John Popp.

*By the Court.*—Orders affirmed.

HUGHES, J., took no part.