The claim for damages in the sum of $1,891.80 is sustained by the evidence. The car was practically rebuilt.

Judgment affirmed.

THOMPSON, J., concurs in decree.

---

(104 So. 490)

No. 26560.

### RALPH v. ORLEANS PARISH SCHOOL BOARD.

(May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬤⟳907(3)—Facts set forth in answer presumed true, where judgment rendered for defendant on merits and evidence not brought up.**

   Where judgment for defendant in injunction suit, as shown by minute entry, purports to be on the merits after full hearing in due course, and evidence is not brought up in transcript, appellate court is bound to hold that facts are as set forth in defendant's answer.

2. **Schools and school districts ⬤⟳72—Sale of lunches and refreshments on school premises during lunch hours to teachers and pupils held not an unlawful use of school buildings.**

   The sale of lunches and refreshments on school premises, during lunch hours only to teachers and pupils for purpose of furnishing a sanitary and safe service, and rendering exposure to inclement weather unnecessary, is only incidental to main purpose of schools, is in the interest of safe, sanitary, and efficient conduct of schools, and is not an unlawful use of the school buildings.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Petition for injunction by O. J. Ralph against the Orleans Parish School Board. From a judgment dismissing the petition, plaintiff appeals. Affirmed.

Prowell & McBride and William Boizelle, all of New Orleans, for appellant.

Ivy G. Kittredge, City Atty., and Wm. E. Westerman, Asst. City Atty., both of New Orleans (B. I. Cahn, of New Orleans, of counsel), for appellee.

ST. PAUL, J. Plaintiff alleges that he is citizen, property owner, and taxpayer of the city of New Orleans; that he now conducts, and has conducted for years, a retail merchandise establishment near the Andrew H. Wilson School, on which business he pays licenses and taxes; that defendant has entered into a contract whereby they have agreed to allow Elizabeth Barback and Mary Barback to sell merchandise on the grounds of said school, which is public property; that defendant's action is in violation of Constitution of 1921, art. 4, § 12, p. 16, which provides that—

"The funds, credit, property or things of value, of the state or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person or persons, association or corporation, public or private. * * *"

Wherefore plaintiff prays that defendant be restrained from further doing so.

Defendant pleads that the petition discloses no cause of action; but admits that it allows, without any payment to the board, Elizabeth Barback and Mary Barback, the janitresses of the Andrew H. Wilson School, to sell luncheons and comestibles at or in said

school, to the teachers and pupils thereof, but during lunch hours only, and at a small profit to themselves; this and no more. And defendant further avers that such sale of luncheons and comestibles is permitted by it as a means of supplying said teachers and pupils with a sanitary refreshment service on the school grounds, so that they may not have to run the dangers of leaving said grounds during said lunch hour and recess; that similar service is provided in other schools; that this practice of furnishing sanitary and safe refreshment service to the teachers and pupils has long been the custom of the board, and has been so closely under its supervision that its hygienic department has laid down, with the sanction of the board, rules and regulations governing the keeping of luncheons, candies, ice creams, etc., on school premises, all such rules looking to the service of the children, to their health, and to their preservation from deleterious and harmful foods; and that said custom is for the benefit and advantage of the schools, and to the best interests of the public education, by saving teachers and children from unnecessary exposure to inclement weather and the consequent sickness and loss of teachers' time and duplication of teaching time for pupils.

### I.

The minute entry and judgment of the court below read as follows:

"This case came on this day to be heard. When, after hearing pleadings, evidence,' and counsel, the court considering the law and the evidence to be in favor of defendants and against plaintiff, and for the reasons orally assigned, it is ordered, adjudged, and decreed that there be judgment in favor of defendant and against the said plaintiff, dismissing and rejecting the said plaintiff's demand at his cost."

[1] The above purports, therefore, to a judgment on the merits, after a full hearing in due course. And as the evidence has not

been brought up in the transcript, we are bound to hold that the facts are as set forth in the answer (and we have no doubt that such they are).

### II.

Pretermitting, therefore, the question whether plaintiff shows sufficient special interest in himself to maintain this action, we think that this case presents no such condition as was presented in Sugar v. City of Monroe, 108 La. 677, 32 So. 961, 59 L. R. A. 723, wherein a municipality was conducting, as a business and for a profit, a public theatre in a school building dedicated exclusively to public school purposes. But even in that case this court said:

"In expressing this conclusion [to wit, that such use of the building was unlawful], we do not wish to be understood as going to the extreme of holding that the city authorities may not make such casual and incidental use of the building in question, not inconsistent with, or prejudicial to, the main purpose for which it was erected, as they may deem advisable. * * *"

Nor yet do we think that this case is at all similar to Tyre v. Krug et al., 159 Wis. 39, 149 N. W. 718, L. R. A. 1915C, 24, wherein the complaint was that the principals of the high schools were conducting "regular stores" in the high school buildings under their charge and control wherein they have sold drawing instruments, school books, stationery, and blanks for a profit. * * *" The court held that such a complaint showed a cause of action; but added, however:

"If the complaint alleged a state of facts which showed that the school board in their official capacity, were furnishing books and supplies to pupils as an incident to a successful and efficient conduct of the public schools, we would then have presented to us an entirely different case from the one presented by the alleged facts in this complaint." (Italics ours.)

### III.

[2] Our conclusion is that the mere sale of luncheons, etc., on the school premises, dur-

ing lunch hours only, to teachers and pupils only, under the circumstances and for the purposes set forth in defendant's answer, is only incidental to the main purpose of said schools, and is in the interest of the safe, sanitary, and efficient conduct of said schools, and that same is not an unlawful use of said buildings under such circumstances.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., absent.