DENNIS, Judge.
This is an action by a retail jewelry firm against a parish school board and several high school principals to enjoin on-campus sales of class rings.
The material facts are not in dispute. For a number of years the Bossier Parish School Board has allowed jewelry salesmen to sell class rings to students at the parish high schools under the supervision of the principals. The practice followed at each school has been almost identical. At various times from five to nine years ago, a committee of students and faculty in each school reviewed data presented by several class ring manufacturers. After considering the various alternatives each committee selected a basic design for its school’s class .ring. The committees at three of the schools selected a basic design presented by Josten’s Manufacturing Company, and the design of Star Engraving Company was chosen at two other schools. Thereafter, the succeeding classes at each school continued to use the same basic design chosen by its school’s committee with slight annual modifications. Although the rings supplied by these manufacturers have been considered the official class rings each year, any other reputable ring supplier would have been allowed by the principals to propose a change in design to the students or to otherwise solicit their business. None has done so on campus, but many students over the years have' bought class rings off campus from the plaintiff and other local jewelry merchants, instead of ordering the official class ring on campus.
The procedure for on-campus sales of class rings has been fairly standard at all of the high schools. Usually in October of each year, the manufacturer’s representative has requested a meeting with the current junior class. The principals have never denied such a request, and a ring salesman has been allowed to present proposals to each class. This usually occurred during an assembly of the students in the school auditorium, at which time the salesman explained how the basic ring design related to rings selected by past classes, and the different modifications that were available in the basic design or in individual rings. The students then determined whether to accept the manufacturer’s ring as their class ring and decided upon modifications to distinguish it from class rings of other years. Following the selection of the class ring, the salesman customarily placed a display in the school hallway, showing the different prices, sizes and styles available. About a week later, the salesman provided order forms for the students, which were usually distributed by the class officers and sponsor. Following this the salesman took orders and collected from the students. The principal provided an empty class room or space in a book room for this purpose. The rings were delivered to the school by the manufacturer one day in the spring, and each school held a ceremony at which the students received their rings. Any student who purchased a ring off campus could receive his ring during the ceremony provided he had his ring sent to the principal in advance of the occasion. Traditionally, any student who had worn his ring beforehand was not allowed to receive his ring in the ceremony. But any student was permitted to participate in *915 the ceremony without actually receiving a ring.
The plaintiff, which owns a jewelry store and pays taxes in Bossier Parish, sought to enjoin this practice. After a trial the district court rendered judgment rejecting the plaintiff’s demands at its cost. Plaintiff appealed, but for the reasons assigned we affirm.
The plaintiff’s brief sets forth several specifications of error. The case hinges, however, upon but one question of law, and that is whether the use of school premises by a class ring salesman as described herein amounts to a loan, grant or donation of property by a political corporation of the state that is prohibited by Article 4, § 12, of the Louisiana Constitution of 1921, which, in pertinent part, provided:
“Section 12. The funds, credit, property or things of value of the State, or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person or persons, associations or corporations, public or private
Plaintiff has cited Article VII, § 14 of the Louisiana Constitution of 1974, which contains almost identical language. However, because this suit was filed before and was existing on the effective date of the 1974 Constitution, it continued unaffected thereby. La.Const. of 1974, Art. 14, § 23. Thus Art. 4, § 12, of the 1921 Constitution is pertinent here, although we would reach the same result under either constitution, due to the similarity in the provisions.
There is no evidence in the instant case that the defendant school board, or any of its principals, has, or intends to, relinquish any power, authority or control over any portion of the property belonging to the school board. Instead, the use of the premises by the class ring salesmen has been and will be allowed at the discretion of, and clearly subject to, the principals’ authority and control on each occasion. Furthermore, the use of the school property by the salesmen, who visited the schools no more than a half dozen times a year, appears to have been a casual and incidental use of the building in each case, not inconsistent with, or prejudicial to, the main purpose for which the building was erected, and within the reasonable discretion of the school administrators. See Ralph v. Orleans Parish School Board, 158 La. 659, 104 So. 490 (1925); CL, Presley v. Vernon Parish School Board, 19 La.App. 217, 139 So. 692 (1st Cir. 1932); Sugar v. City of Monroe, 108 La. 677, 32 So. 961 (1902).
Therefore, we conclude that the sale of class rings on school premises to prospective senior students, entailing a very limited use of school property by salesmen, subject to the authority and control of the school administrators, does not constitute a constitutionally prohibited loan, grant or donation of property or things of value of the state or of the school board.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.