THE WILSON SEWING MACHINE CO. v. SLOAN ET UX.

50 367;
117 140|

1. **Evidence :** LETTERS: PRINCIPAL AND AGENT. Letters written by an agent to a party between whom and his principal a contract exists with reference to the subject-matter thereof, and within the scope of his authority, are competent against the principal.

2. ———— : WRITTEN CONTRACT : FRAUD. A letter or other writing is not admissible to vary or enlarge a written contract between the parties; but it may be admissible for the purpose of showing that fraudulent representations were made as an inducement to the contract.

3. **Damages:** MEASURE OF : BREACH OF CONTRACT. The measure of damages for a breach of contract for the exclusive sale of an article of merchandise is the value of the agent's time during the period he was employed under the contract, with reasonable expenses added, and diminished by the sum actually earned.

*Appeal from Howard Circuit Court.*

THURSDAY, MARCH 20.

THE petition alleges, in substance, that on the 7th day of March, 1873, plaintiff entered into a written agreement with the defendant E. B. Sloan, whereby the defendant E. B. Sloan was to exclusively sell the Wilson sewing machine in the town

of Cresco and vicinity, and to pay the plaintiff thereon thirty-three and one-third per cent from the established retail price of the machines to be fixed by the president or board of directors of plaintiff; that to secure the plaintiff for all indebtedness, of whatever form, which might accrue under the agreement, the defendants, E. B. Sloan and Mary, his wife, executed their bond to plaintiff in the penal sum of one thousand dollars; that, in settlement for machines and attachments furnished, the defendant E. B. Sloan, on July 1, 1875, executed to plaintiff his promissory note for two hundred and forty-five dollars, due in six months, and also delivered and assigned to plaintiff four notes of purchasers of machines, amounting to the sum of one hundred and forty-five dollars and interest; that plaintiff has sued and recovered judgment upon these last notes, but that no part of them has been paid. Plaintiff offers to assign these judgments to defendants, and prays judgment against them for four hundred and thirty-nine dollars and thirty-eight cents, and forty-five dollars attorney's fees.

The defendants, for answer, admit the making of the contract referred to in the petition, and allege that by oversight and mistake the written agreement expressed that defendant E. B. Sloan was to exclusively sell the Wilson sewing machines in the town of Cresco, Iowa, when it was intended that defendant should have the exclusive sale of said machines throughout the county of Howard, Iowa; that plaintiff's attention was called to this fact, and plaintiff then informed defendant that it had noted on said contract, and on plaintiff's territory record book, that all of Howard county was controlled by defendant; that afterward plaintiff agreed with defendant that he should have Chickasaw and Mitchell counties; that in violation of its agreement plaintiff sold and agreed to sell to the Patrons of Husbandry, a society having many granges in Howard, Mitchell and Chickasaw counties, a large number of said machines, for a much lower price than defendant was permitted to sell, whereby many sales that defendant might

have made were interfered with and prevented, and his business was ruined, to his damage in the sum of one thousand six hundred dollars; that by reason of plaintiff's failure to make good its warranty of a machine sold by defendant he has been damaged in the further sum of one hundred and sixty dollars.

The defendants allege that the notes of third persons assigned to plaintiff might all have been collected by the exercise of proper diligence on the part of the plaintiff. The defendants ask judgment for one thousand six hundred dollars and costs.

The reply denies all the allegations of the defendants' answers, and alleges that they had knowledge of all the matters alleged at the time of the execution of the note sued on as a balance due on settlement.

There was a jury trial, and a verdict and judgment for defendant for six hundred and fifteen dollars and sixty-two cents. The plaintiff appeals.

*H. T. Reed,* for appellant.

*H. C. McCartey,* for appellees.

DAY, J.—I. Against the objection of plaintiff the defendants were permitted to offer in evidence certain letters, signed 1. EVIDENCE: letters: principal and agent. "Wilson Sewing Machine Co. S." This action of the court is assigned as error. It is objected that it does not appear that the letters were written with the authority of the plaintiff. The defendant E. B. Sloan testified that the letters were written by Sawyer, the plaintiff's general agent at Chicago, with whom he transacted his business, and that they are in response to letters written to plaintiff. W. G. Wilson testifies that he has the general management, control and supervision of the company in the United States; that George Sawyer was the special agent of the company, located at Chicago, and conducted the correspondence with defendant in relation to his business transactions,

partly through the dictation of witness.   We think there was no error in admitting the letters written after the contract was executed.

II.   One of the letters above referred to was written February 21, 1873, before the contract in question was executed. It is as follows:   "*E. B. Sloan, Cresco*:   Your letter of the 18th received.   We have received no letter, or made any proposition to the society you speak of, and do not intend to make any arrangement of the sort."

*2. ——: written contract: fraud.*

The defendants allege that E. B. Sloan, prior to entering into the agreement with plaintiff, expressly told plaintiff that if it had any arrangement to sell otherwise than through their local agents to the Patrons of Husbandry their said machines, or if they had sold or were selling to them, or going to sell to them, he would have nothing to do with their machines; that plaintiff then stated to defendant that it had not received nor made any proposition to the said society, and did not intend to make any arrangement with said Patrons of Husbandry; that at the time said representations were made by plaintiff it had sold and made arrangements to sell and furnish to said society or to its agents a large number of said machines, at greatly reduced prices, and was permitting them to be shipped into and sold in defendants' said territory by the persons to whom plaintiff sold, and by plaintiff itself, and that these statements and representations were fraudulently made, for the purpose of inducing the defendants to enter into said agreement and the employment of the plaintiff thereunder.   The written contract entered into between the parties gives the defendants the exclusive right of selling plaintiff's machines in Cresco, or at the most in Howard county.   This letter is not admissible for the purpose of establishing an agreement upon the part of plaintiff not to sell to the Patrons of Husbandry outside of Howard county.   It is conclusively presumed that the written contract contains everything that was agreed upon by the parties, and that all prior or contemporaneous colloquies are merged in the contract.   But the letter is admissible for the

The Wilson Sewing Machine Co. v. Sloan.

purpose of showing a false and fraudulent representation of the then existing condition of things, for the purpose of inducing the defendant to enter into the contract.

III. The court instructed that if the defendant is entitled to recover for a breach of the contract the measure of his damage is—"*First*, a reasonable compensation for time actually and necessarily spent in preparing for and working up a trade in such machines, which was rendered of no avail or value in consequence of the breach; and, *second*, the difference in the value of the agency sold to the defendant as it would have been without the breach, and its value with the breach; and the value of such agency depends upon the number of machines the defendant could have sold with reasonable diligence, and what would have been the necessary cost of labor and expense in making such sales; and in passing upon this question you are admonished to guard against any imaginary or speculative profits from the business, or estimating a larger number of sales than would have occurred with reasonable certainty, taking as the basis of your calculation the actual sales defendant was making before the breach, the number of sales of the same machine made by others, the number of inhabitants to be supplied, the competition with other machines, and the character of the machine in question. And as to the time the agency was to run you will fix the limit when it really did cease, as shown by the evidence, and in no event extending the time beyond that in which the defendant continued his labors as such agent."

*3. DAMAGES: measure of: breach of contract.*

The direction that the jury should consider the value of the agency sold to defendant, depending upon the number of machines the defendant could have sold, with reasonable diligence, in view of the sales made by defendant before the breach, the number of sales of the same machines made by others, the number of inhabitants to be supplied, the competition with other machines, and the character of the machine in question, is in conflict with the holding of the majority of this court in

*The Howe Machine Co. v. Bryson*, 44 Iowa, 159. Under the doctrine of the majority of the court in that case the measure of the defendant's damage is the value of the defendant's time during the period he was employed under the contract, estimated without reference to the profits, with reasonable expenses added, less the sum actually earned during the time. The writer hereof, and BECK, Ch. J., adhere to the views expressed in the dissenting opinions in that case.

Because of the conflict of the instructions given with the rule recognized in *Howe Machine Co. v. Bryson*, the judgment is

REVERSED.