CONNELL and others, Appellants, vs. CONNELL, Respondent.

*January 13—February 10, 1931.*

546

L. P. *Fox* of Chilton, for the appellants.

For the respondent there was a brief by *Thiel & Kletzien* of Menomonee Falls, attorneys, and *Henry Lockney* of Waukesha of counsel, and oral argument by *Mr. Elmer A. Kletzien* and *Mr. Lockney*.

FRITZ, J. By defendant's notice under sec. 274.12, Stats., he requests a review of the question raised in the trial court by his demurrer challenging the propriety of the circuit court's assuming jurisdiction to grant the relief sought by plaintiffs in this action. After an extended review of its decisions on that subject, this court held in *Cawker v. Dreutzer,* 197 Wis. 98, 128, 221 N. W. 401, that—

" . . . unless it is made to appear that the county court before which an estate is being administered cannot afford

as adequate, complete, and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error. Anything to the contrary in former opinions must be considered as overruled."

Sec. 253.03, Stats., relating to the jurisdiction of county courts, provides, in so far as now here involved, that the jurisdiction of the county court shall extend to (1) all matters relating to the settlement of estates of deceased persons who were inhabitants or residents of the county; (2) to all cases of construction of wills admitted to probate in such court; and (3) to all cases of trusts and trust powers created by will admitted to probate in such court. The case at bar is in relation to (1) the settlement of an estate under a will which had been admitted to probate by the county court of Washington county; (2) the construction of that will; and (3) the execution of a trust claimed to have been created by that will.

That county court's final decree has never been made absolute. The executors have never been discharged, because no receipts have been filed as directed by that decree. On the other hand, the proposed discharge of the executors, conditioned upon the filing or exhibiting of such receipts, only related to their capacity as executors, and not to their capacity as trustees of the trust estate which was created by the will, and which was still in process of administration in that court. Until all trusts created by that will are fully administered and the executors or trustees appointed by it are finally discharged, that county court has jurisdiction, and can afford as adequate, complete, and efficient relief as the circuit court, to compel full performance by the executors and trustees appointed by it. Consequently, the circuit court, instead of entertaining jurisdiction and thereby assuming the burden of deciding the issues presented by the complaint and answer, should have sustained defendant's demurrer.

The fact that the defendant filed an answer to the complaint and went to trial on the merits, instead of first appealing from the order overruling his demurrer, did not render that erroneous ruling on the demurrer *res adjudicata,* and does not bar a review of that ruling at this time. *Armstrong v. Gibson,* 31 Wis. 61; *Tronson v. Union L. Co.* 38 Wis. 202; *Flanagan v. Chicago & N. W. R. Co.* 45 Wis. 98; *Watson v. Appleton,* 62 Wis. 267, 22 N. W. 475; *State ex rel. Star Prairie v. St. Croix County,* 83 Wis. 340, 53 N. W. 698; *Cawker v. Dreutzer, supra.*

Inasmuch as the decision in *Cawker v. Dreutzer, supra,* established, without any room for doubt or uncertainty, that the circuit court should not assume jurisdiction when the county court can afford as adequate, complete, and efficient a remedy, and this court then held that the exercise of jurisdiction under such circumstances will be treated as reversible error, the court's order overruling the defendant's demurrer must now be reversed.

*By the Court.*—The order overruling the defendant's demurrer is reversed, with directions to sustain that demurrer and thereupon to dismiss the action. Respondent is entitled to costs.