WILL OF JONES: GARDNER and another, Appellants, vs. FRANTZ, Executor, and others, Respondents.

*February 10—March 8, 1932.*

The cause was submitted for the appellants on the brief of *Claude J. Hendricks* of Milwaukee, and for the respondents on that of *R. M. Richmond* of Evansville and *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville.

FOWLER, J. The appellants filed in the circuit court their petition for the probate of a "lost" codicil to the will of Ida Jones. The will to which the proposed instrument was alleged to be a codicil had been admitted to probate in the county court. No suggestion was made in the petition that the county court could not grant as complete and adequate relief as could the circuit court. The defendants demurred to the complaint on the grounds that the circuit court did not have jurisdiction; and that the petition did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrers and "ordered that . . . the defendants have judgment thereon but with leave to plaintiffs to amend their complaint within twenty days on payment of $10 costs." From this order the plaintiffs appeal.

The appellants lay two grounds of error: (1) that the circuit court had and should have assumed jurisdiction; and (2) that the judgment should not be of dismissal but of transmittal of the record to the county court.

Under the circumstances stated it is too plain for argument that the circuit court should not have assumed jurisdiction. It was held in *Connell v. Connell,* 203 Wis. 545, 234 N. W. 894, that it was error for the circuit court to assume jurisdiction of a petition to construe a will admitted to probate in the county court. The like applies here. It was said in *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401, that—

. . . "unless it is made to appear that the county court before which an estate is being administered cannot afford as adequate, complete, and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction and to do so will be treated as reversible error. Anything to the contrary in former opinions must be considered as overruled."

This must be taken as settling the question here involved.

(2) Appellants rest their second contention on sec. 269.52 (1), Stats., which provides that where upon demurrer it shall appear that the party claiming relief "has mistaken his remedy . . . his proceeding shall not be dismissed, but in case the 'court' has no jurisdiction to grant the relief sought . . . the action shall be certified to some other court which has jurisdiction."

It is sufficient to say upon this point that the appeal is from the order sustaining the demurrer. There has been no judgment of dismissal, and should not be any if the judgment should properly certify the record rather than dismiss the complaint.

It was held in *Komorowski v. Jackowski,* 164 Wis. 254, 159 N. W. 912, that an action for relief against the probate of a forged will improperly brought in the circuit court need not be dismissed and a new proceeding brought in the county court, but that the instant proceeding might be certified to the county court for trial. The closing sentence

of the opinion is: "The court below might have promptly certified the proceedings to the court having proper jurisdiction, and such step may be now directed by this court to be taken," and the mandate of this court directed that the proceedings be so certified.

*By the Court.*—The order of the circuit court is affirmed, with directions to certify the record to the county court for further proceedings.