Morse Chain Company, Respondent, vs. T. W. Meiklejohn, Inc., Appellant.

*January 9—April 15, 1941.*

*J. E. O'Brien* of Fond du Lac, attorney, and *Walter D. Corrigan, Sr.,* of Milwaukee of counsel, for the appellant.

*A. D. Sutherland* of Fond du Lac, for the respondent.

The following opinion was filed February 4, 1941:

FOWLER, J.   The plaintiff sued to recover the purchase price of stokers it had sold to the defendant pursuant to contract. The defendant by answer admitted the claim and by counterclaim demanded judgment against the plaintiff for breach of the contract in excess of the amount of the claim.

The case was tried before Circuit Judge VAN PELT who found that a contract printed on a form of the plaintiff was entered into between the parties whereby the plaintiff appointed the defendant "its exclusive distributor to purchase for resale [its stoker] within but not beyond" certain territory; that the contract contained a stipulation that the plaintiff would not during the term of the contract sell or establish any other distributor or dealer to sell the stoker within that territory; and that the contract contained the stipulation

that it "constituted the entire agreement between the parties" and that there were "no oral or implied agreements and no oral or implied warranties." The court further found that the contract was entered into about November 1, 1936, and that in September prior to that date the plaintiff had sold for future delivery to Montgomery Ward & Company stokers up to the number of two thousand, some of which were after the execution of the defendant's contract resold by Montgomery Ward & Company in its stores and through its catalogue in the territory assigned to the defendant, but that plaintiff had not after the date of the contract with the plaintiff appointed any distributors or dealers to sell the stoker within defendant's territory, and that the sale to Montgomery Ward & Company and its subsequent resales did not constitute a violation by plaintiff of its contract with defendant. Judge VAN PELT intimated that while a suit for deceit probably lay for fraudulent representation inducing the contract, he concluded that the counterclaim sued on must be dismissed, and judgment was entered accordingly.

Thereafter the defendant moved to amend its counterclaim by charging that the contract was procured by fraud. The court during the term granted this motion upon payment by the defendant of $150 terms. The terms were paid and an amended counterclaim filed. The court did not vacate the judgment it had entered but let it stand awaiting the result of the second trial.

The amended counterclaim set up a cause of action for breach of contract, substantially the same as that set up by its original counterclaim, demanding $7,500 damages therein. Then followed a second cause of action alleging fraud in inducing the contract and demanding $5,000 damages for the fraud, and demanding judgment for a total of $12,500. An alternative third cause of action was alleged, grounded on concealment of the existence of the sale of the stokers to the Montgomery Ward & Company and of that company's

right and purpose to resell stokers within the territory for which the plaintiff was by the contract appointed exclusive distributor. Damages of $5,000 were demanded upon the cause of action so grounded. The plaintiff thereafter filed what it called a plea in bar to the counterclaim.

The case came on for trial before Circuit Judge LOCKNEY. Judge LOCKNEY after hearing evidence presented on May 27, 1940, filed an opinion in which he held that he was precluded from considering the evidence as to fraudulent representations and that it was unnecessary to make detailed findings of fact. However, on June 4th he did file such findings wherein he specifically found that to induce defendant to become its exclusive distributor the plaintiff represented that the territory assigned to the plaintiff was "virgin territory;" that the plaintiff "had made no arrangements with anyone other than the defendant to supply its stokers for use, sale or distribution" in said territory; that plaintiff's stoker had certain new, valuable, and unique features which made it readily salable in said territory. That the representation that the territory was "virgin territory" was false, and that the representation that plaintiff had made no arrangement to sell stokers to others to interfere with the exclusive rights of defendant was false; that at the time the representations were made plaintiff had sold stokers to Montgomery Ward & Company in a way that the plaintiff knew would result in sales by that company in said territory; that defendant in good faith relied on said representations and believed them to be true, and had the right to rely thereon and was induced thereby to enter into the said contract with the plaintiff; that the stokers sold to Montgomery Ward & Company were substantially the same as the stokers sold by the plaintiff to defendant, and were sold at a price substantially lower than the price at which defendant could sell, and that as a result of the said representations the plaintiff sustained damages to the amount of $6,322.67 in expenditures over receipts from

sales and $1,000 by loss of good will. The trial judge also found as fact that the contract between the parties was made in part by oral negotiations, in part by letters, and in part by the execution of a written agreement. As conclusion of law the judge concluded that the written agreement, by the provisions thereof that it contained the entire agreement between the parties and that there were no oral agreements and no oral or implied warranties, precluded recovery for fraud and deceit. Judgment was entered accordingly and the defendant appeals.

The defendant assigns as error the court's refusal to award judgment upon its counterclaim for the amount by which the trial court's assessment of defendant's damages for fraudulent representations exceeded the amount due to the plaintiff for the merchandise sold by plaintiff to defendant. The plaintiff moves to review the findings of the court fixing the defendant's damages for fraudulent representations.

The basis of the court's refusal to award judgment to the defendant for the damages done to it through the fraudulent representations made by the plaintiff to the defendant are that the integration clause of the written contract above stated precludes evidence of fraudulent representations of fact that induced the contract. This clause has no such force. The representations relied on relate to facts existing at the time the contract was entered into. There was no agreement as to those facts. There was no warranty relating to them. The agreement made looked to the future only. One induced by fraud to enter into a contract may take any one of three courses: (1) Rescind, restore the pre-existing status, and sue at law to recover his payments; (2) offer to restore the status, keep his offer good, sue in equity to rescind and recover his payments; (3) affirm the contract and sue for the damages resulting from the fraud. *Heckendorn v. Romadka*, 138 Wis. 416, 120 N. W. 257; *Denis v. Nu-way P. C. Co.*

170 Wis. 333, 175 N. W. 95; *Wulfers v. E. W. Clark Motor Co.* 177 Wis. 497, 188 N. W. 652. The defendant was within its rights in incorporating a claim for fraud in inducing the contract with one for the breach of it. This is only a variation of the common case of one induced by fraud to purchase an article, affirming the same and suing to recover the difference between the value of the article as it was and its value as it would have been had it been as represented. In every such case the recovery covers the actual loss sustained by the plaintiff. The measure of the damages in any such case depends on the facts of that case that affect the damages sustained.

The plaintiff contends that a provision of the contract involved to the effect that the plaintiff would "not be held financially responsible for any infringement" of the defendant's territory precludes any recovery by reason of the Montgomery Ward & Company's sales in the defendant's territory. To give the provision the effect contended for would make the exclusive feature of the contract of no value or force whatever. It would defeat the sole purpose of the exclusive-feature provision. The reasonable interpretation of the provision is to apply it to infringement by one exclusive dealer of the territory of another exclusive dealer, and to limit the right of the injured exclusive dealer to recover for the infringement to action against the exclusive dealer who infringed his territory.

The plaintiff cites *Beers v. Atlas Assurance Co.* 231 Wis. 361, 285 N. W. 794, in support of its contention that an action for deceit does not lie in the instant case. The representations there involved were all merely promissory. Those here involved go to pre-existing facts. The *Beers Case* only has bearing here in its statement, page 368, that "an action for damages for fraud and deceit is universally held to involve an affirmance of the contract. In such an action the

plaintiff affirms the contract and sues to recover the amount of damages he has sustained as a result of the fraud practiced upon him."

There are several matters of practice involved which we need not particularly consider because the appeal from the judgment entered by Judge LOCKNEY covers all prior rulings by Judge VAN PELT which affect the merits. Sec. 274.34, Stats. The granting of the amendment of the counterclaim after entry of judgment and the ordering of a new trial on the amended counterclaim necessarily rendered the prior judgment nugatory on rendition of the later judgment. It was clearly within the discretion of Judge VAN PELT to order a new trial on an amended counterclaim if in the interest of justice he deemed such course proper, as he manifestly and correctly did consider it. It is plain that in making the false statements here involved the plaintiff either intentionally or by construction practiced a palpable fraud on the defendant. This is so plain that Judge VAN PELT might very properly have considered the counterclaim amended to cover the representations of fact proved and not denied and entered judgment on the defendant's counterclaim. *Wulfers v. E. W. Clark Motor Co., supra.*

This leaves for consideration the question sought to be raised by the motion to review the assessment of damages. The motion was not timely filed and might perhaps under the statute be ignored. Sec. 274.12, Stats. But we consider that under the circumstances here involved we should act under sec. 274.35 and order a new trial of the case upon the question of damages. Two judges assessed the damages. The record before Judge VAN PELT is not before us but presumably the testimony on the subject on the trial before him was substantially the same as on that before Judge LOCKNEY. Judge VAN PELT thought that the damages sustained by the defendant for the fraud he intimated was practiced upon it was $2,051.99. Judge LOCKNEY assessed these damages at

$7,322.67. Neither judge regarded the assessment as required or material and perhaps neither gave the subject the detailed and discriminate consideration that the situation required. The spread between the two assessments is so great that we consider that the interests of justice require a new trial of the question of damages only, unless the parties shall adjust the matter.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for retrial on the question of damages upon the counterclaim, and the entry of judgment as required on the findings made.

A motion for a rehearing was denied, with $25 costs, on April 15, 1941.