HICKS, Appellant, vs. HARDY and others, Respondents.

*May 6—June 1, 1942.*

*J. E. O'Brien* of Fond du Lac, for the appellant.

For the respondents there was a brief by *Bouck, Hilton & Dempsey* of Oshkosh, attorneys for O. J. Hardy, John Hicks, Jr., and John Hicks, III, and *Ray C. Dempsey* of Oshkosh, attorney for George Hilton, and oral argument by *Ray C. Dempsey.*

FOWLER, J.   The case is an appeal from a judgment dismissing the complaint entered upon the sustaining of a demurrer thereto in an action brought in the circuit court for Winnebago county on the ground that the court was without jurisdiction of the subject of the action, and from an order vacating the service by publication upon certain nonresident defendants.   It appears from the complaint that the plaintiff is the widow of John Hicks, who died a resident of Winnebago county leaving property therein and a will, and that the defendant Hardy was duly appointed executor of the will and trustee thereunder.   While the complaint does not expressly so say it follows from the above that the will was admitted to probate by the county court of Winnebago county and that the estate of Hicks was administered in said county court. The complaint alleges that two of the defendants conspired to and did induce the plaintiff by fraudulent representations to elect to take under the statute as the widow of her deceased husband instead of under his will which established a trust

for her benefit to her great damage. By the prayer of the complaint "the plaintiff demands judgment that in equity said alleged election be vacated and rescinded and that the plaintiff be restored to her rights under the will . . . and for judgment for damages for the injury sustained . . . by reason of the fraud and conspiracy" of the defendants. By a second cause of action reaffirming the allegations of the first the plaintiff demands an accounting by the defendant trustee as trustee under the will. Two of the defendants, one trustee under the will and the other alleged to have been the attorney for the trustee and for the plaintiff in the probate proceedings, demurred separately on the ground that the court was without jurisdiction of the subject of the action. The court sustained the demurrers and entered judgment dismissing the complaint. The other defendants, who are nonresidents of the state and who are alleged to have received property which the plaintiff claims should have been applied for her benefit under the will, moved to vacate the service upon them which was procured by publication, and the court granted their motion. From the judgment of dismissal and from the order vacating the service upon the nonresident defendants, the plaintiff appeals.

The claim of the plaintiff is that as the complaint states a fraudulent conspiracy practiced on the plaintiff by the demurrants, it states a tort action against them and that the circuit court has jurisdiction to try such an action. In support of this claim the brief of plaintiff cites many cases and relies particularly upon the case of *Morse Chain Co. v. T. W. Meiklejohn, Inc.*, 237 Wis. 383, 388, 296 N. W. 106, wherein this court held that:

"One induced by fraud to enter into a contract may take any one of three courses: (1) Rescind, restore the pre-existing status, and sue at law to recover his payments; (2) offer to restore the status, keep his offer good, sue in equity to rescind and recover his payments; (3) affirm the contract and sue for the damages resulting from the fraud."

Passing the point that the instant case is not one charging fraud in inducing a contract the defendant in that case by counterclaim affirmed the contract and sued for its damages. To make that case apply in principle to the instant case the plaintiff to sue at law would either have to affirm her election to take under the will or restore the pre-existing status. But she has expressly repudiated her election in her complaint, and the complaint shows that she is utterly unable to restore the pre-existing status. Thus the facts stated do not state an action at law for fraud but only state an action in equity; and the action in equity must be prosecuted in the county court, if that court has jurisdiction as will hereinafter be more particularly shown. This rendered inapplicable the rule invoked by the plaintiff that when a complaint demurred to for insufficiency of facts states a case at law it will be upheld although the prayer is for relief in equity. Here a case at law is not stated, but only a case in equity.

Examination of the other cases relied on by plaintiff's counsel to support the jurisdiction of the circuit court discloses that only two of them give any color to his contention that the circuit court has jurisdiction in the instant case. One of them is *Royal Indemnity Co. v. Sangor,* 166 Wis. 148, 164 N. W. 821. In that case the plaintiff had paid a judgment rendered against it. It afterward discovered that the judgment had been procured pursuant to a fraudulent conspiracy between the defendant and a contractor whose bond guaranteeing performance of the contract between the defendant and the contractor the plaintiff had signed and whose signature had been procured by fraudulent representations. The prayer of the complaint was to vacate the judgment and grant recovery from the defendant of the amount paid in satisfaction of the judgment. The decision of this court overruling a demurrer to the complaint for insufficiency of facts stated went upon *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, and like cases cited in the opinion, which hold that where a

judgment at law has been procured by fraud practiced upon the court that rendered it equity has jurisdiction to enjoin enforcement of the judgment. This court extended the rule of those cases one step further and ruled that if action lay to enjoin enforcement of the judgment it would upon like reason grant recovery of the amount paid upon the judgment in ignorance of the fraud practiced in procuring it. The court held that the case was not one for equitable relief but a plain action at law for money had and received in which a jury trial was a matter of right to the plaintiff.

The other case is *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571. In this case a widow brought action in the circuit court to vacate a contract she had entered into with the other beneficiaries under the will of her husband to accept certain payments and property largely in excess of the provisions of the will for her benefit, in ignorance of her right of election to take under the statute of descent instead of under the will, of which right the trustee under the will and those acting for her in the matter of securing an amount necessary to her proper support who sustained confidential relations toward her had failed to inform her. The facts of that case are similar in some respects to those of the instant case. The jurisdictional question here involved seems not to have been considered, although it is stated in the opinion that the circuit court had jurisdiction of the action which was conceived as in equity to rescind a contract for fraud. The plaintiff was relying on a species of fraud to recover what she lost by reason of being irrevocably deprived of her right of election, while here the relief claimed is restoration of what she was deprived of through fraud in procuring her to make an election. Moreover the trustees under the Ludington will were held to be constructive trustees for the widow of what they had received from the widow through her waiver of her right of election which was her widow's share of the property which she had in effect transferred to the trustees in consideration for what

she had received from them by their agreement to practically double the amount provided for her by the will. On the point of jurisdiction the cases are distinguishable in that the Ludington trustees were held liable not as trustees of a trust created by the will but as constructive trustees of the property received by them which the widow was entitled to under her right of election. A county court has no jurisdiction to administer any trust except one created by will. *Newcomb v. Ingraham,* 211 Wis. 88, 111, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171; *Estate of George,* 225 Wis. 251, 262, 270 N. W. 538, 274 N. W. 294.

It is well settled by the law of this state that county courts as courts of probate have full equity jurisdiction over the administration of estates disposed of by will, including equitable jurisdiction to vacate orders and judgments made and rendered in administering such estates that were induced by fraud. A full exposition of such jurisdiction is given in *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845. This power extends to final judgments of distribution. *Estate of Staab,* 166 Wis. 587, 166 N. W. 326; *Guardianship of Reeve,* 176 Wis. 579, 186 N. W. 736.

It is equally well established that where the county court has jurisdiction in probate matters the circuit court is without jurisdiction. *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401, settles that point. This rule has been adhered to in *Will of Jones,* 207 Wis. 354, 241 N. W. 387, and *Connell v. Connell,* 203 Wis. 545, 234 N. W. 894. Counsel contends that the *Cawker Case, supra,* does not apply here because administration proceedings were still pending in the county court when the circuit court action was begun, while here the trustee was discharged in 1938, before the instant suit was begun and the county court administration was entirely closed. But a county court has jurisdiction in equity to set aside its own judgments and orders although the proceeding in which the judgment or order attacked was entered is terminated.

*Parsons v. Balson,* 129 Wis. 311, 109 N. W. 136. And as the county court under the allegations of the complaint has jurisdiction to vacate its proceeding attacked, the circuit court is without jurisdiction.

It appearing that the county court had jurisdiction of the cause of action alleged, sec. 269.52, Stats., comes into play. The mandate of that statute is that when a court in which an action is brought has no jurisdiction to grant relief sought the court shall certify the action to some other court that has jurisdiction. Under that statute the circuit court instead of dismissing the complaint could, and on its attention being called to the statute by the plaintiff's counsel should, have certified the case to the county court. However, the plaintiff's counsel expressed no desire to have the case so certified, counsel for the defendants made no objection to such certification and here expressed willingness to such certification. In this situation we perceive no prejudicial error in entering the judgment of dismissal. The judgment of dismissal being affirmed, there is no occasion to pass upon the order vacating the service upon the nonresident defendants.

*By the Court.*—The judgment of the circuit court is affirmed.