MORSE CHAIN COMPANY, Appellant, vs. T. W. MEIKLEJOHN, INC., Respondent.*

*May 6—June 1, 1942.*

* Motion for rehearing denied, with $25 costs, on September 16, 1942.

46

*A. D. Sutherland* of Fond du Lac, for the appellant.

*J. E. O'Brien* of Fond du Lac, attorney, and *Walter D. Corrigan, Sr.,* of Milwaukee of counsel, for the respondent.

FOWLER, J.   The plaintiff sued to recover for stokers sold to the defendant.   The defendant counterclaimed for damages for fraud for inducing the defendant by fraudulent representations to enter into a contract as an exclusive distributor of the plaintiff's stokers in specified territory.   The case was before this court in 237 Wis. 383, 296 N. W. 106. The facts of the case are sufficiently stated in the report of that case and will not be here repeated any further than is necessary to dispose of the case in view of the mandate of that case which reads as follows: "The judgment of the circuit court is reversed, and the cause is remanded for retrial on the question of damages upon the counterclaim, and the entry of judgment as required on the findings made."

The case had been twice tried by the circuit court when first here.   The first trial was by Judge VAN PELT, without a jury.   The second by Judge LOCKNEY, without a jury.   Both trials resulted in dismissal of the counterclaim and entry of judgment for plaintiff for the balance due on a running account for the price of the stokers sold to the defendant which was admitted by the defendant.   The counterclaim was originally laid for breach of contract in selling stokers to re-

tailers for sale within the territory assigned to the defendant. It appeared on the trial that there were no sales by plaintiff to dealers subsequent to the execution of the contract, although sales had been theretofore made to a chain-store company (hereinafter referred to as the "Ward Company") which conducted a mail-order business and also conducted retail stores within the territory, and such stores were retailing within the territory and the mail-order store was selling the stokers previously sold to the Ward Company. The trial judge held that the prior sales did not operate to breach defendant's contract and dismissed the complaint, but intimated that the defendant had an action for falsely representing that no dealers had right to sell within defendant's territory, and found that plaintiff had sustained damages for such fraud to the amount of $2,051.99. After dismissal of the complaint, the plaintiff moved the court for leave to amend the complaint which the court granted and ordered a new trial on the amended complaint. Judge LOCKNEY, before whom the new trial was had, held that an integration clause of the written contract precluded introduction of evidence of fraud in inducing the contract and for that reason dismissed the complaint. But he also found the damages sustained by the defendant through fraud of the plaintiff, and fixed them at $7,322.67. This court, by reason of the divergence of the damages found on the two trials, ordered a new trial in the interests of justice for assessment of damages only.

On the third trial before Judge HUGHES he made detailed findings of the different items of damages claimed by the defendant. The total damages including interest found by Judge HUGHES amount to $7,131.74. Deducting from this the amount due the plaintiff on the open account, gave a balance of $6,089.49, for which judgment in favor of the defendant was entered. The plaintiff appeals from this judgment on the ground that the evidence as to the defendant's damages was all inadmissible. The defendant by motion for

review urges that two items of claimed damages rejected by the court for which Judge LOCKNEY had assessed damages, were wrongly rejected by Judge HUGHES under the rule of the law of the case. The defendant also contends that under the rule of the law of the case the evidence of damages was all admissible as Judge LOCKNEY had allowed damages on all items of damage claimed by the defendant and that this court by not rejecting the evidence as contended for by the plaintiff impliedly held it admissible.

Three questions are before the court on this appeal: (1) Whether the evidence supports the finding of the trial judge as to the damages sustained by the defendant by reason of a fraud perpetrated on the defendant by the plaintiff. (2) Whether the court erred in ruling upon the taxation of costs made by the clerk of the trial court. (3) The defendant by motion for review raises the question whether the trial court erred in not making awards upon two items of damage claimed by the defendant.

(1) The fraud involved, as appears from the opinion filed when the case was first before us, was falsely representing that no one had any right to sell the plaintiff's stokers in the territory assigned to defendant, whereas the plaintiff had previously sold to the Ward Company two thousand stokers to retail through branch stores and through mail orders which might be sold in competition with defendant.

The appellant claims that the only way to establish any damage to the defendant to a reasonable certainty was to show what sales the Ward Company had made within the territory assigned to defendant as sole distributor and award the defendant its profits on those sales on the assumption that defendant would have made them but for the Ward Company competition. It also claims that as the Ward Company sold only a single type of the plaintiff's stokers and the defendant three types the damages permissible should have been limited to those attributable to the single type sold by Ward Com-

pany. The same grounds of objection to the proof of damages were laid on the previous appeal that are here laid. We did not in our opinion in the former case expressly rule upon the contentions there made by the plaintiff. Judge HUGHES considered that as we did not reject the contentions of the plaintiff they were impliedly overruled. The defendant contends that the rule of the law of the case required Judge HUGHES to rule as he did and to reject the plaintiff's contentions as to the nature of the proof of damages. Defendant's counsel cite, with several other cases upon the point of the law of the case, the recent cases of *State ex rel. Littig v. Superior Court,* 231 Wis. 58, 62, 285 N. W. 419, wherein it is stated that a litigant "is concluded by the mandate of this court as to all matters actually presented or which might consistently with legal rules have been presented to this court upon appeal," and to the still more recent case of *State ex rel. Lisbon Town Fire Ins. Co. v. Crosby,* 240 Wis. 157, 2 N. W. (2d) 700, 701, in which that rule is applied.

We should perhaps have expressly ruled in our former opinion upon the propositions presented by the plaintiff as to the nature of the proof of damages. However, we were then of the opinion, as we are now, that the line of proof adopted by the defendant was under the circumstances of the case proper. The contract contemplated a continuous course of business by defendant as the sole distributor of the plaintiff of its stokers in the district assigned to the defendant. The only contract ever signed by both parties recited that the contract was to continue until superseded by a subsequent sales agreement or until terminated as provided in the agreement. Another clause provided that either party might terminate the agreement with or without cause upon giving to the other party thirty days' notice of termination. The record contains no notice of termination nor does it contain any subsequent agreement signed by either party. The evidence shows that it was contemplated that the defendant should do ex-

tensive advertising and thoroughly cover its whole territory to secure retail distributors and to promote sales. It further shows that the parties contemplated that the profits of the first year's sales would be used in working the defendant's territory and advertising the stokers. It further shows that the parties estimated and therefore contemplated that five hundred stokers would be distributed by defendant during the first year, and that defendant's gross profits on each standard stoker distributed by him would be about $25. The items of damage claimed and allowed by Judge HUGHES were as follows:

Salary and expenses of Salesman Pick employed especially to sell plaintiff's stokers—salary, commissions and expenses, total.................$2,938.27
Salesman Lueptow, not limited to sale of stokers— 1/3 salary and expenses..................... 298.00
T. W. Meiklejohn, president of company, 1/3 salary and expenses......................... 3,085.46
H. C. Gennrich, secretary and treasurer of company, 1/3 salary and expenses............... 1,567.30
Postage and advertising...................... 714.98
$8,604.01
Deducting of gross profits on sales.............. 2,746.37
$5,857.64
Interest from January 1, 1938, to August 15, 1941 ................................. 1,274.10
$7,131.74

If Judge HUGHES believed the testimony of the witnesses that Pick's entire time was employed and one third of that of the other persons named were employed in trying to develop the territory and promote the sales of the stokers, and believed from the evidence that the ability of the defendant to effect sales was destroyed and his contract rendered worthless by the competition of the Ward Company in selling and advertising sales of the Standard stoker within defendant's territory at a less price than the defendant could purchase it

for, as he manifestly did, we consider that under the evidence stated the items of damage above stated were properly allowed. Expenses within contemplation of the parties are recoverable in actions for breach of a contract such as is here involved. *Wilson Sewing Machine Co. v. Sloan,* 50 Iowa, 367. If so, it would seem to go without saying that the rule in a tort action cannot be less stringent than in an action for breach of contract and that any item of damages that would be recoverable in an action for breach of the instant contract may be recovered if sustained as a result of the commission of a tort in inducing it. The rule in actions for breach of contract is one of limitation. Damages may not be recovered beyond those within the reasonable contemplation for breach of contract, but in tort actions there is no such limitation. In tort actions the tort-feasor is liable for all injuries resulting directly from the tort committed whether they were within the contemplation of the parties or not. 15 Am. Jur. 474, § 68; *Brown v. Chicago, M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 11 N. W. 911; 7 Am. Neg. Cases, 203. In a note in 48 A. L. R. 318, *Mentzer v. Western Union Tel. Co.* 93 Iowa, 752, 62 N. W. 1, 28 L. R. A. 72, 52 Am. St. Rep. 294, is referred to as "a comprehensive comparison" of the "contemplation of the parties" rule in tort cases and fully stated. Expenses resulting from a tort were held recoverable in *Gates v. Northern Pacific R. Co.* 64 Wis. 64, 24 N. W. 494.

The only other point raised by the plaintiff as to the assessment of damages that requires mention is receipt in evidence of a claimed copy of a deposition taken by the plaintiff which the plaintiff did not produce, although notified to produce it previous to the trial before Judge LOCKNEY. Judge LOCKNEY considered the copy admissible. It was again offered by defendant in the trial before Judge HUGHES as showing that the parties contemplated that great expenses in advertising and canvassing the territory would be incurred by

the defendant in order to promote sales of the stoker. We do not perceive any prejudicial error, if error there was, in the receipt of the copy of the deposition for it merely corroborates the undisputed testimony of Mr. Meiklejohn relating to the matters covered by him. For this reason we do not pass upon the proposition urged by defendant that the law of the case required its receipt by Judge HUGHES because it was received by Judge LOCKNEY, nor on the proposition of the plaintiff that only the deposition itself, or if not a copy thereof proved by testimony produced in open court to be a copy, was receivable in evidence.

(2) The trial court allowed $300 as taxable costs under sec. 271.04 (1), Stats., which allows $100 as taxable costs to the plaintiff in tort actions when the recovery is $1,000 or over, on the theory that $100 was recoverable for each of the three trials. Costs are not allowable except as provided by statute. We perceive no warrant in the statute for allowance of more than one $100 item of costs. Two hundred dollars of the claim should have been disallowed.

The next item objected to is $150 paid as condition of amending the complaint and having a new trial after the first trial. This item was disallowed by the court and there is no motion by the defendant to review the court's disallowance of this item. This disallowance is therefore affirmed.

An item of $5 for subpœnaing witnesses is objected to. A memorandum by the circuit judge made on his retaxation of the costs recites that objection to this item was withdrawn. We take his word for it. He allowed the item. The allowance is affirmed.

The next item objected to, $1.50 for "stenographer's fees for transcript," was allowed by the court "on the defendant's statement that it was actually made." There is nothing to show what the transcript was of or for or why it was necessary, although the general affidavit of defendant's counsel states that the items of the cost bill for disbursements were

necessarily incurred. In this situation we do not perceive that it was a taxable item and it should have been stricken.

The other objections were to taxation of witness fees. The court's memorandum on the taxation recites that the taxation for all witnesses but the president and secretary of the defendant were agreed upon by counsel. We take the trial judge's word for this. The objection to the taxation of the fees of the officers above named was that they did not attend the number of days claimed, and the court categorically stated that they did, and the attorney for the defendant swore that they did, and there is nothing to the contrary except the statement of plaintiff's counsel that this is not so. We take the word of the judge and the sworn statement.

Objection is also made that a principal officer of a corporation may not recover witness fees. The only exception to the taxation of witness fees that we are aware of is that fees may not be taxed for attendance of a party to the action. Principal officers are not parties to an action by or against a corporation. The court allowed witness fees to the officers named. We uphold the taxation. This results in striking from the allowance of costs made by the court the sum of $201.50.

(3) The trial court allowed nothing as damages for injury to good will. He took the view that whereas the total sales of the defendant on miscellaneous items, including stokers, was $185,914 in 1937, while in 1940 it was $1,500,000, he could not find any injury to good will. We consider the inference warranted. The only other item claimed of which disallowance is claimed is a proportional part of the expense of the defendant's overhead, specified as repairs, depreciation, gas and oil, heat, light and water, insurance, reconditioning, equipment, interest, discount and exchange, miscellaneous supplies, office pay roll, unemployment insurance, taxes, telephone and telegrams, office supplies, shipping supplies, allowance and replacements, which totaled for the year 1937,

$16,170.75. The total sales of the defendant company for the year were $232,998.05. The stoker sales were $7,962.75, —three and four-tenths per cent of the total sales. The defendant claims this percentage of the total overhead should be allowed as an element of damages. The trial judge took the view that all these expenses would have been incurred regardless of the stoker business, and therefore were not chargeable in any part as damage resulting from plaintiff's fraud. We consider that he was correct in this view. If the rule of the law of the case be applied, as defendant's counsel claims it must, it goes upon the evidence only to the matter of mere nominal damages. It was for the trial judge to determine what the actual damages were and he was unable to perceive any from the evidence adduced. His determination must therefore stand.

*By the Court.*—The judgment of the circuit court is modified by striking from the amount of costs taxed the sum of $201.50, and as so modified affirmed. No costs are allowed to the defendant on this appeal.